RUSH *et al.*, Respondents, *vs.* RUSH *et al.*, Appellants.

1. In a proceeding to set aside a will, it is erroneous to arrest a judgment as to some of the defendants, and enter a final judgment against the others.
2. Where an infant, who is joined with other defendants, appears by attorney, a judgment against all the defendants will be reversed as to all.

*Appeal from Perry Circuit Court.*

*J. W. Noell,* for appellant.
*M. Frissell,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding by the respondents to set aside the will of their ancestor, Wm. Rush, on the ground of insanity. On a trial, there was a verdict for the respondents. It appears on the face of the proceedings, that two of the defendants were minors and appeared by attorney. For this cause, on motion, the court arrested the judgment as to the infants, and entered

a final judgment against the adult defendants. From this judgment they appealed.

This cause does not raise the question, whether any other party than the infant himself can take advantage of his infancy. The judgment was properly arrested as to the infants, and the only inquiry is, whether it should not have been arrested as to all of the defendants.

1. This was a proceeding to set aside a will. The will was set aside as against some of the defendants, and a final judgment rendered against them. Now if, between the parties as to whom the judgment has been arrested, there should, on another trial, be a verdict in favor of the will, in what condition will the court be? Will it certify down to the county court that the will is established and that it is not established? There can be but one final judgment in a cause. Even if the court was right as to the law, when the judgment was arrested, as to some of the defendants, a final judgment as to the others should have been suspended, until there was a verdict between those as to whom the judgment had been arrested. But the true ground is, that as the proceedings were erroneous as to the infants, they were erroneous as to all. It is true that, in actions *ex contractu,* in which an infant is joined with an adult, there may be a judgment against the adult, whilst the infant may have a verdict on the ground that his privilege is personal to himself. But this doctrine has never been applied to writs of error. An infant or any other party may be severed in an action of trespass, yet it is the well settled law, that if, in such action, an infant enter his appearance by attorney, with others, and there is a judgment against them all, the judgment will be reversed as to all, and that such a consequence cannot be avoided under a notion of a right to sever in the court below. 1 Roll. Abr. Error E. Pl. 9. *Cruikshank* v. *Gardner*, 2 Hill, 333. 2 Saun. 212. 1 Ld. Raym. 600.

The other judges concurring, the judgment is reversed, and the cause remanded.