WELLS v. WELLS *et al.*, *Appellants.*

### Division One, May 24, 1898.

1. **Wills**: JUDGMENTS: MINOR DEFENDANTS.  Judgment against minor defendants for whom no guardian *ad litem* has been appointed in a contest to set aside a will, must be reversed.

2. ———: ———: ———: ERRONEOUS IN TOTO.  Nor can such judgment be declared erroneous as to such minors and be sustained as to other defendants, for that might result in holding a will good as to certain devisees and void as to others.

3. ———: CONTEST: DEFECT OF PARTIES.  In a suit to set aside a will which names devisees who are not made parties, the judgment will be reversed, even though the point of defect of parties was first raised in this court.

4. ———: ———: STATEMENT BY TESTATE.  A statement by a testator after a will has been made that he never made a will is not admissible in evidence to show that he did not make it.

*Appeal from Louisiana Court of Common Pleas.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*Clark & Dempsey, Sam Sparrow* and *J. D. Hostetter* for appellants.

(1)  All the beneficiaries should have been made parties.  *Eddie v. Parke, Ex'r*, 31 Mo. 513; *Rogers v. Dively, Adm'r*, 51 Mo. 193; *Garland v. Smith*, 127 Mo. 580.  (2) Berkley Wells should have been represented by a guardian *ad litem*.  *Neenan v. St. Joseph*, 126 Mo. 89.  (3)  In this case the judgment was against Berkley Wells a minor defendant, who appeared neither by attorney nor guardian *ad litem*.  Appellants challenged the propriety of this judgment by an appropriate motion in arrest.  The judgment setting

aside this will is clearly not good as to Berkley Wells. So that not only is the judgment appealed from, good as to some and invalid as to others because they were not made parties, but it presents another and more startling anomaly, of being good as to some who were parties to the suit, and invalid as to others who were also parties. *Rush v. Rush*, 19 Mo. 441; *Neenan v. St. Joseph*, 126 Mo. 95; *Randals v. Wilson*, 24 Mo. 76; *Pomeroy v. Betts*, 31 Mo. 419; *Hulet v. Nugent*, 71 Mo. 134; *Ins. Co. v. Clover*, 36 Mo. 392; *Holton v. Towner*, 81 Mo. 360; *Copeland v. Yocum*, 38 Mo. 249.

*W. H. Morrow* and *Fagg & Ball* for respondent.

(1)    If it be true that all the parties in interest are not parties to this action, which respondent does not concede, it is equally true that if there is a defect of parties it is apparent from the pleadings and should have been taken advantage of by motion or demurrer, and will not be heard for the first time in the Supreme Court. *Pike v. Martindale*, 91 Mo. 268; *Kellogg v. Malin*, 62 Mo. 429; *Butler v. Lawson*, 72 Mo. 227; R. S. 1889, sec. 2447.

ROBINSON, J.—This is a proceeding under the statute to contest the validity of the will of Elizabeth J. Wells late of Pike county, which had been formally proved in the probate court. The will was executed on the twenty-ninth day of October, 1894, and the testatrix died in May following, at the age of fifty-six years. She was never married and died without issue, leaving neither father nor mother. The plaintiff William, and defendants James, Charles, Robert and George Wells, are her only surviving brothers, and Berkley Wells is the only child of her deceased brother John Wells. The will in contest is sought to be

invalidated by her brother William Wells, on the ground of want of testamentary capacity and undue influence, alleged to have been exercised by defendants James and Charles Wells. Neither the wife of Charles Wells, nor the children of William, James, Charles, Robert and George Wells, all of whom are devisees under the will, nor Mr. Eaton the executor and trustee, were made parties. At the time suit was instituted and judgment rendered, Berkley Wells was a minor and no guardian *ad litem* was appointed by the court to represent him and protect his interest. There was a jury trial, resulting in a verdict and judgment setting aside the will. After unsuccessful motions for a new trial and in arrest, defendant brings the case here by appeal.

By the terms of the will testatrix gave Benjamin G. Patton, trustee, and his successor, two hundred and forty acres of land, situate in Pike county, worth $10 or $12 per acre, in trust for her brother Charles and his wife Mary, during their lives, and at their deaths, to their children absolutely, and the residue of her estate, including lands, money and personal property, to the children of her brothers William, James, Charles, Robert, George and John Wells, to be divided equally among them; the children of each of her surviving brothers to receive one share jointly, and her nephew Florence B. (called Berkley) Wells one full share; the executor being authorized to sell and convert the remaining portion of the estate into cash and divide the proceeds arising therefrom in the manner above stated. Benjamin G. Patton was also named as executor under the will.

The correctness of the judgment of the circuit court is challenged, *first*, on the grounds that at the time the judgment was rendered, defendant, Berkley Wells, was a minor and no guardian *ad litem* was

appointed by the court to represent him. The statute provides that "after the commencement of a suit against an infant defendant and service of process upon him, the suit shall not be prosecuted against him any further until a guardian for such infant be appointed." No guardian having been appointed for Berkley Wells who was shown by the evidence to have been a minor at the time judgment was rendered, it was clearly improper under the statute, and rulings to that effect are frequent in this court. But it is insisted that even though the judgment is erroneous as to Berkley Wells such fact does not of itself vitiate the judgment as to the other defendants. This precise question arose for the first time in this State, and was decided in the negative in *Rush v. Rush*, 19 Mo. 441. That was a proceeding to contest the validity of a will. Two of the defendants were minors and appeared by attorney; judgment was entered against the other defendants, from which they appealed. The court, owing to the peculiar nature of the proceedings, held that the judgment must be treated as an entirety and being erroneous as to the infant defendants it was erroneous as to all defendants. This point again came up for review in *Neenan v. St. Joseph*, 126 Mo. 89, where the authorities are collected and discussed and the doctrine enunciated in *Rush v. Rush, supra*, was quoted with approval, and judgments in suits to set aside wills distinguished from judgments in general. MACFARLANE, J., who wrote the opinion of the court, referring to the rule laid down in the *Rush* case said: "The propriety of this ruling is manifest, otherwise the will might be declared good as to some of the beneficiaries and void as to others." Those cases deciding that judgments against several defendants, based upon a joint and several contract, which is erroneous as to part of the defendants, afford no ground for setting

aside a judgment regular in every other respect as to remaining defendants, of which *Bensieck v. Cook*, 110 Mo. 183, is a type, have no application to proceedings in a will contest. Holding then, in conformity with these views, that the judgment is an entirety, which in the light of the authorities, and owing to the peculiar nature of the proceedings, is deemed to be the true rule, the judgment of the trial court having been irregularly rendered against Berkley Wells is likewise erroneous as to the adult defendants.

The judgment is also further assailed for the reason that it appears upon the face of the record that only a part of the beneficiaries under the will were made parties to the proceedings and as a consequence only a part of those were included in and bound by the judgment as entered. Plaintiff seeks now to avoid the force of this objection by saying that the defendants did not raise the question as to defect of parties by an answer or demurrer filed with the circuit court and for that reason, that objection has been waived and can not be made now for the first time on appeal. This is not strictly an action alone between the plaintiff and the defendants sued. It is in the nature of an action to probate the will in solemn form before the circuit court, when all parties in interest are required to be brought into court before its right to try the statutory issue is exercised, and if at any stage of the proceedings this want of necessary parties is made to appear, it may be taken advantage of.

It will not avail the plaintiff who has purposely failed to join the proper and necessary parties to the complete determination of this character of an action, to say that the defendants, whom he has chosen to name, did not raise the question as to defect of parties before the circuit court and for that reason that question is forever barred.

Objection is also urged by appellants to the admission of certain statements, made by the testatrix after the execution of the will to the effect that she had never made a will, and the remarks of opposing counsel thereon in argument to the jury.  As the question thus presented may not arise upon a new trial we do not deem it necessary to consider the point further than to say that if counsel do not wish to have judgments obtained for their clients reversed, they must abstain from introducing testimony that is admissible for but one purpose, and after it is before the jury, attempt by an argument based upon such fact to show the existence of a different issue.  Such statements or alleged statements of a testatrix that she never made a will, are never admissible as evidence that she did not make the will in question, and the trial courts at no stage of the proceedings should permit counsel, unrebuked, to make such argument.  Judgment reversed and cause remanded for a new trial.  BRACE, P. J., WILLIAMS and MARSHALL, JJ., concur.