VIOLET GRESHAM, Appellant, v. JAMES K. TALBOT, Executor of Estate of LOUIS COLEMAN, ANNA PHILLIPS and MARJORIE LOUISE ATHEY. —31 S. W. (2d) 766.

Division One, October 14, 1930.

518

*J. S. Tall* and *A. F. Haney* for appellant.

*T. L. Montgomery, H. S. Rouse, Llewellyn & Brown* and *M. L. Clay,* Guardian *ad litem,* for respondents.

FRANK, J.—This action was brought by appellant, plaintiff below, on November 4, 1925, in the Circuit Court of Clark County, to contest the will of Louis Coleman, deceased. The original petition did not make Marjorie Louise Athey a party to the suit, although she was one of the legatees under the will. On December 7, 1925, the

court sustained a demurrer to the petition and granted plaintiff leave to file an amended petition. Later, on May 5, 1925, plaintiff filed an amended petition in which Marjorie Louise Athey, a minor, by her next friend, was added as a party plaintiff. On June 22, 1926, a second amended petition was filed. On June 29, 1926, the court sustained a demurrer to the second amended petition, ordered that said Marjorie Louise Athey be made a party defendant, and granted plaintiff leave to file an amended petition. On July 2, 1926, a third amended petition was filed in which said Marjorie Louise Athey was added as a party defendant and was thereafter duly and personally served with process. On August 12, 1926, the venue of said cause was changed to the Circuit Court of Lewis County at Canton, Missouri. Thereafter on October 1, 1926, that court sustained defendant's motion for judgment on the pleadings, dismissed plaintiff's petition and rendered judgment sustaining said will, and plaintiff appealed.

The will devised to plaintiff, Violet L. Gresham, twenty-five dollars, to defendant Marjorie Louise Athey twenty-five dollars, and to defendant Anna Phillips the residue of testator's estate, real, personal and mixed.

Testator died on March 8, 1925. His will was admitted to probate on March 16, 1925. This suit was brought on November 4, 1925. The statute provides that suits to contest a will must be brought within one year from the date of the probate of the will. [Secs. 525, 527, R. S. 1919.] While this suit was brought within the statutory period, Marjorie Louise Athey, one of the legatees under the will, was not a party to the suit as originally brought, and more than one year from the date of the probate of the will had elapsed at the time she was made a party thereto by amendment of the petition.

Defendant contends that no valid judgment can be rendered in a suit to contest a will until all interested parties are in court and for that reason the filing of the original petition in this case which omitted to make one of the legatees under the will a party to the suit, wholly failed to state a cause of action, did not amount to the institution of a suit to contest the will, and was, therefore, not subject to amendment. Further contention is made that the filing of an amended petition bringing in Marjorie Louise Athey as a party defendant, after the statutory period of one year had run, was the institution of a new suit and was barred by limitation, because not brought within the statutory period of one year from the date of the probate of the will.

It is true that a court has no authority to try a suit to contest a will and render a judgment therein unless all interested parties are before the court. [Wells v. Wells, 144 Mo. 198, 202, 45 S. W. 1095.]

However, it does not follow that necessary parties to a suit to contest a will, may not be brought in by amendment of the petition after the statutory limit of time in which such suits may be instituted has run, where, as here, the suit was brought within the statutory period of limitation.

In suits where several judgments may be rendered the general rule is that amendments to a petition relate back to the date of the filing of the original petition unless the Statute of Limitations is involved, in which case the action, as to the new parties, is regarded as commenced from the date of the amendment. But this rule should not be applied to a case, where, as here, no judgment could be rendered until all interested parties are before the court. The issue in this character of a suit is will or no will. The will must either stand or fall as a whole. If the right to contest the will is barred as to one of the parties, it is barred as to all. A several judgment could not be rendered. Plaintiff, the only interested party desiring to contest the will, in good faith, brought her suit to contest within the statutory period. It would be laying down a harsh rule to hold that her action was barred by limitation because she inadvertently overlooked making one of the persons interested a party to the suit within the statutory period. The law favors the right of action rather than the right of limitation. "Amendments are allowed expressly to save the cause from the Statute of Limitations, and courts have been liberal in allowing them, when the cause of action is not totally different." [Cytron v. Transit Co., 205 Mo. 692, 700, 104 S. W. 109.]

The right to amend the petition in a will contest suit by bringing in new parties after the statutory period of limitation has run, has never been expressly decided by the courts of this State so far as we have been able to find. However, the exact question has been decided by courts in other jurisdictions. Bradford v. Andrews, 20 Ohio St. 208, was a suit to contest a will. The suit was brought within the statutory period of limitation. Subsequent to the bringing of the suit and after the expiration of the two years statutory period of limitation, it was discovered that two of the interested parties had not been made parties to the suit. On motion of plaintiff they were made parties defendant and were served with process. They set up the statutory limitation of two years in bar of the action against them. The trial court held the action barred as to all defendants and dismissed the suit. On appeal, the Supreme Court of Ohio reversed the judgment of the trial court, and in doing so said:

"We think the superior court erred in holding the action barred, and in dismissing the proceeding. Where a petition for such a contest is filed within the statutory period of limitation, although only part of the persons interested are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwith-

standing some of them are not brought into the case until after the period of limitation has expired. If any person interested appears, and in good faith files his petition for a contest, the statute entitles him to a trial, and the verdict of a jury, touching the validity of the will; and that verdict will be binding upon all parties who may be before the court as such, at the time of its rendition. The interest of the parties is joint and inseparable. Substantially this is a proceeding *in rem*, and the court cannot take jurisdiction of the subject-matter by fractions. The will is indivisible, and the verdict of the jury either establishes it as a whole, or wholly sets it aside. To save the right of action therefore to one is necessarily to save it to all. The case belongs to that class of actions where the law is compelled either to hold the rights of all parties in interest to be saved, or all to be barred. And it seems now to be quite well settled law, that the preference will in such cases be given to the right of action, and not to the right of limitation.''

A like question was before the Supreme Court of Indiana in Floyd v. Floyd, 90 Ind. 130, whereat the court said:

''The statute, under which this proceeding was instituted, provides that 'any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the circuit court of the county where the testator died, or where any part of his estate is, his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity, or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto.'

''This statute authorizes the institution of a suit to contest the validity of a will at any time within three years after it has been offered for probate, and requires all persons beneficially interested therein to be made defendants thereto. This action was commenced within the time limited, against some of the appellees, but Alexander Bishop and his children were not made parties until the amended complaint was filed, and as this was not done until after the time limited, the question arises whether the action is to be deemed commenced against these parties from the time the amended complaint was filed or from the time the action was commenced. Generally speaking, an amendment to a complaint has relation to the time the complaint was filed. This, however, is not the case where the amendment involves a question as to the Statute of Limitations. In such case, as a general rule, the action is deemed commenced from the time the amendment is made.

"This is the rule in all cases where several judgments may be rendered, and it may apply in some others that do not now occur to us. It does not, however, apply to a case where no judgment at all can be rendered until all persons beneficially interested, as in this case. are before the court. In such case, the action must be deemed commenced against all from the time it was originally instituted; otherwise an action, commenced within the statutory period, will be deemed barred simply because all persons who are necessary parties were not then made defendants. In such case the action is saved or barred as to all the parties, and as the law favors the right of action, rather than the right of limitation, the action will not be deemed barred as to any of them."

A kindred question was before our own Court en Banc in Cytron v. Transit Co., 205 Mo: 692, 701-2, 104 S. W. 109. There the father, Meyer Cytron, brought suit to recover damages for the death of his infant son. The statute gave the father and mother a joint cause of action for the death of their infant son and required suit thereon to be brought within one year from the date the cause of action accrued. The father, Meyer Cytron, alone sued within the statutory period of one year. After one year had elapsed, the petition was amended making Rosie Cytron, plaintiff's wife and mother of the deceased son, a party plaintiff. Defendant made the point that as the statute gave a joint cause of action to the father and mother and as that joint cause of action was not brought before the expiration of the Statute of Limitation of one year, the action was barred. The court held the amendment was properly allowed and the cause of action was not barred. In so holding, LAMM, J., speaking for the Court en Banc expressly approved the holding in the Ohio and Indiana will cases heretofore cited. Of these cases, he said:

"The doctrine of the foregoing cases finds support in persuasive authority elsewhere. For instance, Floyd v. Floyd, 90 Ind. 130, was an action to contest a will. Some of the interested parties commenced an action within the statutory period of limitation. After the statute had run other interested parties were brought in, and it was held the action was not barred as to any of the parties. This was an extreme case because the new parties were brought in as defendants. Now as to an amendment making new parties defendant after the limitation has run, the general rule is pointed out by BLACK, J., in Lilly v. Tobbein, supra, and in Ins. Co. v. Ludwig, supra; but the Indiana court, noting an exception, held the rule did not apply in a case where no judgment whatever could be rendered until all the parties are before the court. So that, the underlying principle of the exception pointed out in the Floyd case is applicable to the case at bar,

In Vunk v. Railroad, 56 N. J. L. 395, a husband sued alone for damages arising from trespass on land in which the husband and wife were respectively seized of an entirety. After the limitation period had run the wife was made a co-plaintiff, and the amendment was held proper.

Bradford v. Andrews, 20 Ohio St. 208, was a will contest; and, quoting from a syllabus, it was said: "Where a proceeding for the contest of a will is commenced within the statutory period of limitation, although only part of the persons interested in the contest are made parties thereto, the right of action is saved as to all ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired."

The same rule is laid down in 28 R. C. L. 394, Sec. 402, and 40 Cyc. 1258.

Respondents cite the case of Russell v. Nelson, 295 S. W. 118, in support of their contention that the petition in a suit to contest a will may not be amended by adding new parties so as to save the running of limitations. As we read that case, it is authority against respondents' contention. That was a suit to contest a will. It is true the court held in that case that the petition could not be amended by adding parties plaintiff after the statutory limitation of one year had run, but the right to so amend was not refused because the one year period of limitation had expired, but because the original plaintiffs were entire strangers to the alleged cause of action, had no interest whatever therein, and for that reason the commencement of a suit by them did not arrest the running of the Statute of Limitations. On the other hand, that case expressly holds that if the original plaintiffs had owned an interest in the estate of the deceased, "their commencement of the will contest before limitation had run would have inured to the benefit of all others ultimately made parties, notwithstanding some of them were not joined as parties plaintiff until after the period of limitation had expired; this, because the interest of the parties is joint and inseparable, and, a will contest being a proceeding *in rem*, the court cannot take jurisdiction of the subject-matter by fractions."

In the case at bar, the original plaintiff was not a stranger to the cause of action. She was a legatee under the will. She had a lawful right to bring a suit to contest the will and her act in so doing arrested the running of the Statute of Limitations as to all legatees. As said in Bradford v. Andrews, supra: "The will is indivisible, and the verdict of the jury either establishes it as a whole, or wholly sets it aside. To save the right of action therefore to one is necessarily to save it to all. The case belongs to that class of actions where the law is compelled to hold the rights of all the parties in interest to be saved, or all to be barred. And it seems now to be quite well settled

law, that the preference will in such cases be given to the right of action, and not to the right of limitation.''

For the reasons stated, we hold that the trial court erred in dismissing plaintiff's case and rendering judgment establishing the will on the ground that the cause of action was barred because Marjorie Louise Athey, one of the legatees under the will, was not made a party to the suit until after the statutory limitation of one year had run. This holding was error because the commencement of the suit by plaintiff within the statutory limitation of one year, arrested the running of the statute as to all legatees named in the will.

No other question is presented by this appeal. The judgment of the trial court is, therefore, reversed and cause remanded. All concur.