John G. DORAN et al., Plaintiffs-
Appellants,

v.

Anna WURTH et al., Defendants-
Respondents.

No. 55804.

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied Jan. 10, 1972.

Sestric, Sestric, Sweet & McGhee, Anthony J. Sestric, St. Louis, for appellants.

Gershenson & Gershenson, Harry Gershenson, St. Louis, for respondent Anna Wurth.

Foster, Vogel & Stroh, John H. Stroh, St. Louis, for Shriners Hospitals for Crippled Children, amici curiae.

Bernard J. Huger, St. Louis, for Cardinal Glennon Memorial Hospital for Children, amici curiae.

Williams L. Weiss, Tyree C. Derrick and Ronald A. McClary, St. Louis, for Margaret Barfield Kane, Gusta B. Nance, and Frank Marshall Barfield, amici curiae.

DONNELLY, Judge.

This suit involves a contest of the validity of the Will of Irene Doll, deceased. The legatees named in the Will were Anna Wurth, Marion Wurth, Gertrude Morfeld, Helen Moran, Lottie Herbert (deceased at time of probate of the Will), and Emma Alexander.

On September 15, 1969, John G. Doran, Thomas Doran and Nell McCarthy filed their Petition, naming Anna Wurth as defendant, in the Circuit Court of the City of St. Louis. The other legatees were not named as defendants.

On December 3, 1969, defendant Anna Wurth filed her answer with leave of court.

On May 6, 1970, Anna Wurth filed a motion to dismiss the will contest on the grounds that plaintiffs had failed, under the provisions of § 473.083, RSMo1959, V. A.M.S., to name and serve, as defendants, within sixty days after the filing of their Petition, the remaining legatees named in the Will.

On the same day, May 6, 1970, plaintiffs filed an amended petition, naming the other living legatees as defendants.

On May 14, 1970, a hearing was had in the trial court, and, on May 18, 1970, the will contest was dismissed. Plaintiffs appealed.

The parties agree that Marion Wurth, Gertrude Morfeld, Helen Moran and Emma Alexander were necessary parties to the will contest; that they were not named and served as defendants within sixty days after the petition was filed on September 15, 1969; and that appellants do not attempt to show good cause for failure to secure and complete service.

Appellants' position is based on the law stated in the case of Gresham v. Talbott (1930), 326 Mo. 517, 520, 521, 31 S.W.2d 766, 767, wherein this Court said:

"It is true that a court has no authority to try a suit to contest a will and render a judgment therein unless all interested parties are before the court. Wells v. Wells, 144 Mo. 198, 202, 45 S.W. 1095. However, it does not follow that necessary parties to a suit to contest a will may not be brought in by amendment of the petition after the statutory limit of time in which such suits may be instituted has run, where, as here, the suit was brought within the statutory period of limitation.

"[1] In suits where several judgments may be rendered, the general rule is that amendments to a petition relate back to the date of the filing of the original petition unless the statute of limitations is involved, in which case the action, as to the new parties, is regarded as commenced from the date of the amendment. But this rule should not be applied to a case, where, as here, no judgment could be rendered until all interested parties are before the court. The issue in this character of a suit is will or no will. The will must either stand or fall as a whole. If the right to contest the will is barred as to one of the parties, it is barred as to all. A several judgment could not be rendered. Plaintiff, the only interested party desiring to contest the will, in good faith brought her suit to contest within the statutory period. It would be laying down a harsh rule to hold that her action was barred by limitation because she inadvertently overlooked making one of the persons interested a party to the suit within the statutory period. The law favors the right of action rather than the right of limitation. * * *"

Respondents do not dispute that the law was so stated in the Gresham case, supra (see cases collected in Annotation, 8 A.L. R.2d 6, 135, § 67), but urge that the General Assembly changed the law in 1943 when it amended the "will contest" statute by adding a subsection, which, in the 1959 Revision (§ 473.083 RSMo1959 V.A.M.S.), read as follows:

"4. In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within sixty days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the plaintiff of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of petitioner. From and after the date of dismissal of the action, the probate court in which the estate was being administered at the time the petition was filed shall proceed with the administration of said estate in accordance with the previous order admitting the will to probate, or rejecting it, as if the petition had never been filed in the circuit court."

This Court has not directly considered the question presented on this appeal since the "will contest" statute was amended in 1943. (Cf. Sanderson v. Richardson, Mo. App., 432 S.W.2d 625, 631.) However, in Cole v. Smith, Mo.Sup., 370 S.W.2d 307, 309, this Court recognized that in so amending the statute, the General Assembly "declared the policy of this state to be that a contest of a will admitted to probate shall be expeditiously prosecuted or not at all * * *."

In Missouri, the right to contest the validity of a will is created by statute,

and it can be limited or taken away by statute. Blatt v. Haile, Mo.Sup., 291 S.W. 2d 85, 88.

In our opinion, the General Assembly intended, by its amendment of the "will contest" statute, that, absent good cause for failure, *all necessary* party defendants be *named* and served within the prescribed period. The trial court properly dismissed the action.

The judgment is affirmed.

All of the Judges concur.