John H. GODSY et al.,
Plaintiffs-Appellants,

v.

Gladys GODSY et al.,
Defendants-Respondents.

No. 9720.

Missouri Court of Appeals,
Springfield District.

Dec. 23, 1975.

Robert C. Jones, Jones & McDaniel, Kansas City, Esco V. Kell, West Plains, for plaintiffs-appellants.

John C. Holstein, Moore & Brill, West Plains, Dorman L. Steelman, Salem, for defendants-respondents.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

This is a will contest, the procedure for which is contained in § 473.083 V.A.M.S.

Plaintiffs-appellants are the brother, two sisters, and the lineal descendants of a deceased sister of the testatrix Alta Godsy, who died on February 4, 1966. Alta Godsy was not survived by a husband or by lineal descendants.

Defendants-respondents are Gladys Godsy (sued individually and as executrix of the last will of Alta Godsy) and nine children of Hiram Godsy. Hiram, a brother of the testatrix, predeceased her.

1. Gladys Godsy, individually and in her capacity as executrix of the will, was also named.

2. Section 473.083(1) reads: "Unless any person interested in the probate of a will appears within six months after the date of

The attacked will was dated April 29, 1963. Hiram died in 1964. In July 1966, the will was admitted to probate in the probate court of Howell County, Missouri, and letters testamentary were issued to defendant Gladys Godsy. Gladys is the widow of Hiram and the mother of at least seven of the defendants.

The original petition was filed on April 7, 1967. Hiram's children were not named as defendants. The only defendants named therein were Gladys Godsy, individually, and Gladys Godsy in her capacity as executrix of the will. On September 12, 1967, Gladys filed a "Motion to Abate" on the ground that plaintiffs "have not included (Hiram's children) as parties defendant." That motion was denied.

On October 27, 1972, the plaintiffs filed a motion for leave to amend their petition "to make (Hiram's children) parties defendant in this action." The motion described Hiram's children as "beneficiaries under said purported will." The motion was granted and on December 7, 1972, the plaintiffs filed their amended petition. Prior to the filing of that document, which named Hiram's nine children as defendants,[1] they had not been so named. Separate summonses, directed to each of Hiram's nine children, were issued, the earliest being dated December 8, 1972.

On January 5, 1973, three of Hiram's children filed a motion to dismiss, based on three grounds which were:

1. "The statute of limitations has run on the claim filed herein against these defendants."

2. Plaintiffs had failed to comply with § 473.083(1) V.A.M.S.[2]—the "six months provision" with regard to *filing* the petition.

the probate or rejection thereof by the probate court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, which-

3. Plaintiffs had failed to comply with § 473.083(4) V.A.M.S.[3]—the "60 days provision" with regard to *service of process* upon all defendants.

Also in January 1973, four other children of Hiram filed a motion to dismiss on the same grounds except that the one alleging noncompliance with § 473.083(4) mentioned 90 days rather than 60 days.

The court entered an order sustaining both motions to dismiss and plaintiffs appeal from this order. The appeal fails.

■ In its order the trial court did not state the ground or grounds on which it relied. The dismissal is valid if any of the grounds was valid, whether or not it induced the order. *Spiking Sch. Dist. v. Purported Enlarged Sch. D., etc.*, 362 Mo. 848, 245 S.W.2d 13, 16[2] (banc 1952); *Gruetzemacher v. Billings*, 348 S.W.2d 952, 955[1] (Mo.1961).

■ The right to contest a will does not exist independently of statutory authority and it can be exercised only "in accordance with and within the limits prescribed by statute." *Blatt v. Haile*, 291 S.W.2d 85, 88 (Mo.1956). Section 473.083 confers jurisdiction upon the circuit court in derogation of common law, *Haas v. Haas*, 504 S.W.2d 44, 46 (Mo.1973), and "after the lapse of the prescribed period the court has no jurisdiction over the subject matter of the contest." *Sanderson v. Richardson*, 432 S.W.2d 625, 630 (Mo.App.1968).

Plaintiffs assert that they did comply with § 473.083 and they develop this contention with their "points relied on." The latter are:

1. Hiram's children were not necessary parties to the action.

2. Even if Hiram's children were necessary parties, plaintiffs have shown the "good cause" mentioned in § 473.083(4).

3. Because of alleged "deceptions" on the part of Gladys Godsy, Hiram's children "are estopped from defending this action on the ground that [it] is barred by the statute of limitations."

The first question for resolution is whether Hiram's children were necessary parties.

Both the petition and the amended petition alleged that Alta, on the date of her death, had "a large amount of property and that most of said property was personal property consisting of cash, promissory notes, and certificates of time deposit (sic) and the like."

Alta's will, the contents of which were set forth in both petitions, made nominal bequests to some of the plaintiffs and devised and bequeathed the residue "to my beloved brother, Hiram Godsy." Article III of the will contained this language: "In the event that any of the persons named by me in this will to whom bequest has been made should predecease me, I bequeath his or her share to the bodily heirs of such person."

Section 474.460 V.A.M.S. reads: "When any estate is devised to any child, grandchild or other relative of the testator, and the devisee dies before the testator, leaving lineal descendants, the descendants shall

ever is later, and, by petition to the circuit court of the county contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate court, then probate or rejection of the will is binding."

Previously the time limit was nine months. The six months limit was contained in an amendment in 1969; see Laws of Missouri, 1969, p. 550.

3. Section 473.083(4) reads: "In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of the petitioner:"

Previously the time limit was 60 days. The 90 days limit was contained in an amendment in 1969; see Laws of Missouri, 1969, p. 550.

take the estate, real or personal, as the devisee would have done if he had survived the testator."

Section 472.010(7) V.A.M.S., in defining the word "devise" when used as a verb, reads: "It means to dispose of real or personal property or both by will."

Additional definitions contained in § 472.010 are:

(8) "Devisee" includes "legatee."

(19) "Legatee" means a person entitled to personal property under a will.

The foregoing definitions apply to § 474.460 since that statute is a part of the "Probate Code" as that term is defined in § 472.010(5).

Hiram's children, of course, are his "lineal descendants." If, which need not be decided, § 474.460 operates on the gift of the residue to Hiram, they would take "the estate as [Hiram] would have done" if he had survived Alta.

A distinguished authority on Missouri probate law, in discussing § 474.460 V.A.M.S., says: "While no Missouri decision has expressly so declared, the statute does not operate to prevent the operation of an express devise over upon the death of the primary devisee prior to the death of the testator." Missouri Practice, Probate Law and Practice, Maus, Vol. 4, § 1468, p. 600.

If the language of Article III of the will, quoted above, operates on the gift of the residue to Hiram, each of Hiram's children, being included in the term "bodily heirs," [4] participates in Hiram's share.

■ Accordingly, under the language of Article III of the will and under § 474.460

V.A.M.S.[5] one of which must operate on the gift of the residue to Hiram, each of Hiram's children is a legatee. "A legatee is a necessary party to a suit to set aside a will." *Kane v. Mercantile Trust Co. National Association*, 513 S.W.2d 362, 363[2] (Mo.1974).

■ The dismissal was valid because service of process was not "secured and completed upon all parties defendant" within the period prescribed by § 473.083(4) and there was no showing by plaintiffs of "good cause for failure to secure and complete service" within the meaning of that statute.

In *Doran v. Wurth*, 475 S.W.2d 49 (Mo. 1971) a will contest was filed. Legatees under the will were Anna Wurth and other people. Only Anna was named as a defendant. More than 60 days (the period then mentioned in § 473.083(4)) after the petition was filed, plaintiffs filed an amended petition adding the other legatees as defendants. The trial court dismissed the action and the plaintiffs (contestants) appealed.

It was agreed that the belatedly joined legatees were necessary parties and contestants made no attempt to show good cause for failure to secure and complete service. Contestants relied upon *Gresham v. Talbott*, 326 Mo. 517, 31 S.W.2d 766 (1930) which held that necessary parties to a will contest could be brought in by amendment of the petition *after* the running of the statutory period in which such suits may be instituted, where the suit was brought *within* the statutory period.

In *Doran* the respondents successfully argued that the legislature changed the law by adding to § 473.083 the counterpart of what is now § 473.083(4).

---

**4.** Thompson on Wills, Second Edition (1936) § 271, p. 350 reads in part: "In their technical meaning the terms 'heirs of the body' and 'bodily heirs' denote all lineal descendants to the remotest posterity, meaning a class of heirs appointed by law to succeed to real estate in case of intestacy. But such terms, when used in a restricted sense, may mean children. The words 'bodily heirs' means heirs of the body, issue who can inherit, or children only . . . ."

Black's Law Dictionary, Revised Fourth Edition (1968) defines "bodily heirs": "Heirs begotten or borne by the person referred to; lineal descendants . . . progeny or issue, including children, grandchildren and other lineal descendants."

See also Page on Wills, Bowe-Parker Revision, Vol. 4, § 34.10, p. 425; 95 C.J.S. Wills § 679, p. 1004.

**5.** See *Spurr v. Spurr*, 285 Mo. 163, 226 S.W. 35, 40[7] (1920).

The supreme court stated that the amendment was a legislative declaration "that a contest of a will admitted to probate shall be expeditiously prosecuted or not at all."

At p. 51 of 475 S.W.2d the court said: "In our opinion, the General Assembly intended, by its amendment to the 'will contest' statute, that, absent good cause for failure, *all necessary* party defendants be *named* and served within the prescribed period. The trial court properly dismissed the action."

In *Kane v. Mercantile Trust Co. National Association*, 513 S.W.2d 362 (Mo.1974) the supreme court upheld the judgment of the trial court which dismissed a will contest on the ground that plaintiffs failed to secure and complete service of process on all necessary parties defendant within 90 days following the filing of the petition.

The petition had failed to *name* as a defendant a certain legatee. That legatee was, in the language of the will, "the pastor or acting pastor of the New Cathedral Church located at Newstead Avenue and Lindell Blvd. in St. Louis, Missouri." The court held that the unnamed but identified pastor was a necessary party and that, because he was not named and served within the statutory period and there was no showing of good cause for failing to do so, the action was properly dismissed.

In support of their contention that Hiram's children were not necessary parties, plaintiffs state that the amended petition did not charge Hiram's children "with any law violation relative to the last will of Alta Godsy" and that "calling them defendants in the title did not make them defendants."

◼ As has been shown, their status as legatees rendered Hiram's children necessary parties. The fact that they were not accused of any misconduct did not remove them from that classification. In *Kane,* supra, the unnamed legatee, the pastor, was

held to be a necessary party and there was no claim of misconduct on his part. The same is true of the belatedly joined legatees in *Doran,* supra. If plaintiffs' argument were sound, a legatee who was guilty of misconduct would have greater rights than an innocent one. Such a penalty will not be exacted as the price of innocence. This argument is rejected.

Plaintiffs also say that the amended petition sought no relief against Hiram's children and thus they are not necessary parties. That contention is not valid. The amended petition, as did the original one, sought a declaration that the will of April 19, 1963, was invalid. Had that result been accomplished, the participation of Hiram's children in the estate of the testatrix would have been diminished.[6]

◼ Finally, under their first point, appellants say that "none of the nine persons designated as defendants in the [caption] of the amended petition were named as legatees or devisees in Alta Godsy's last will." That argument is unsound.

"The authorities fully affirm the rule that it is not necessary that the testator name the legatee or devisee in order to give effect to a bequest; it is sufficient that he is so described in the will as to be ascertained and identified." 80 Am.Jur.2d 296 Wills § 1184.

In Thompson on Wills, Second Edition, § 262, p. 340 it is said: "It is not necessary that the testator, in his will, name the legatee or devisee, in order to give effect to the gift. It is sufficient if he is so described therein as to be ascertained and identified. . . . The right of the testator to designate the beneficiary by description, instead of by name, has never been questioned."

Whether or not the "bodily heirs" of Hiram were confined to his children, it is clear that the latter were included in the term. It follows that they were necessary parties.

---

**6.** The original and amended petitions also pleaded the contents of a prior will. Under that instrument, or in the event of Alta's intestacy, the share of each of Hiram's children would have been less than such share under the attacked will.

Although the original petition was filed within the nine months period then provided by § 473.083(1), that document, the only one filed within that period,[7] failed to name Hiram's children as defendants. In *Sanderson v. Richardson*, 432 S.W.2d 625, 631 (Mo. App.1968) there is language, citing authorities, to the effect that these facts alone militate a dismissal.

In *Doran*, supra, the original petition (which failed to name some legatees as defendants) was filed September 15, 1969. The *amended* petition (joining the theretofore unjoined legatees) was filed May 6, 1970. The court at p. 50 of 475 S.W.2d mentioned that the parties agreed that the belatedly joined legatees "were not named and served as defendants within sixty days after the petition was filed on September 15, 1969."

■ It seems to this court, in light of the holding in *Doran*, that compliance with § 473.083(1) requires that there be filed, within the defined six months period, a petition which names as defendants all necessary parties; further, once § 473.083(1) has received compliance, the contestants have the additional duty to comply with § 473.083(4).

It should be noted that although § 473.-083(4) contains a showing of "good cause" as a defense to a claim of noncompliance with it, § 473.083(1) contains no such exception.

Apparently plaintiffs have assumed that they did comply with § 473.083(1). But, they say, even if they did not comply with § 473.083(4), their second and third contentions spare them from dismissal. Apparently they maintain that those two contentions justify the setting aside of the dismissal, whether the latter was based on noncompliance with § 473.083(1) or noncompliance with § 473.083(4), or both.

The second and third contentions of plaintiffs are intertwined and will be considered together. In essence plaintiffs claim that they have shown "good cause for failure to secure and complete service" within the meaning of that saving language of § 473.083(4).

■ The burden of proof on the issue of good cause rested upon plaintiffs. *Sanderson v. Richardson*, 432 S.W.2d 625, 631[8] (Mo.App.1968).

At the hearing on the motions to dismiss, plaintiffs did not introduce the testimony of any witness. The six pages of the transcript which purport to cover that hearing contain primarily colloquy among the court, plaintiffs' counsel and defendants' counsel.

At one point counsel for plaintiff states: "I want all the records of the probate file admitted into evidence of Alta Godsy during the period of time in which Delbert Godsy appeared as executor, all of the proceedings of Delbert Godsy as executor, with particular attention at this time to the inventory and appraisement filed by executor Delbert Godsy in the estate of Alta Godsy, deceased, filed 5–19–66, showing the assets as they appeared from the record of the assets.

"I want all of the records of the probate of Alta Godsy, deceased, wherein Gladys Godsy appears as executrix and particularly the record of the inventory and appraisement filed by Gladys Godsy, wherein it shows that there are no assets of the estate."

None of the records, or purported records, mentioned in the foregoing statement is attached to the transcript on appeal.

At the hearing on the motion a copy of the opinion of this court in *Godsy v. Godsy*, 504 S.W.2d 209 (Mo.App.1973) (hereinafter called "the prior case") was marked as plaintiffs' Exhibit 1. The transcript on appeal contains a stipulation of the parties to the effect that plaintiffs' Exhibit 1 may be

---

7. In their appellate brief plaintiffs make this statement: "The suit was filed April 7, 1967, nine days *before the expiration* of the nine months required by § 473.083." A similar statement is in their reply brief.

filed separately in this court and it makes no mention of the probate court records heretofore alluded to.

■ Where exhibits are omitted from the transcript and are not filed with the appellate court, the intendment and content of such exhibits will be taken as favorable to the trial court's ruling and as unfavorable to appellant. *Lange v. Baker*, 377 S.W.2d 5, 7[4] (Mo.App.1964); *Herrman Lumber Co. v. Cox*, 521 S.W.2d 4, 7[7] (Mo.App.1975).

Thus the only evidence which plaintiffs have presented to this court in an effort to carry their burden of proof on "good cause" is Exhibit 1.

The prior case was a discovery of assets proceeding under § 473.340 et seq., V.A. M.S. brought by a brother of Alta Godsy against Gladys Godsy as the executrix of Alta's estate. Hiram's children were not parties in the prior case. This court affirmed the order of the circuit court requiring Gladys to transfer "to the estate's personal representative" certain personal property. The assets had been the sole property of Alta and the transfer of them by Alta to Gladys was invalidated by reason of a confidential relationship existing between Alta and Gladys and the exercise of undue influence.

Plaintiffs argue that until this court handed down its opinion in the prior case, their cause of action to contest the will of Alta Godsy "lacked vitality . . . for there was nothing to contest." They say "Not until [the handing down of this court's opinion in the prior case] could appellants say with certainty that they had been deceived. Not until then did their cause of action accrue." Finally they say "Because of her deception Gladys and her children

are estopped from defending this action on the ground that the action is barred by the statute of limitations."

It will be observed that none of the foregoing arguments involves matters pertaining to the "service of process" or the securing and completion of same. Hiram's children were well known to plaintiffs (in the *body* of the original petition filed April 7, 1967, plaintiffs listed all nine of them).

Far from proceeding "diligently" to secure and complete service of process, as required by § 473.083[4], plaintiffs did not proceed at all until December, 1972, at which time the amended petition was filed. Personal service thereof was soon obtained [8] on seven of Hiram's nine children. Thus if the "good cause," required to be shown by plaintiffs, must pertain to difficulties in obtaining service of process, such, far from being shown, was clearly refuted.

■ Plaintiffs' arguments, if they merit discussion, meet the same fate. In saying "there was nothing to contest" they are wrong. That which they were contesting was the validity of the will of Alta Godsy,[9] not the size of her estate. Both the original petition and the amended petition alleged that Alta died on February 4, 1966, "possessed of a large amount of property." The order in the prior case required the delivery to Alta's estate of assets owned by Alta. Indeed, the very nature of a discovery of assets proceeding under § 473.340 is that a person, in the language of the statute which was in effect when the prior case was instituted, "has concealed or embezzled, or is otherwise wrongfully withholding any personal property *of the decedent.*" Thus the outcome of the prior case, though manifestly of fiscal significance to the will contest,

8. Three were served on December 8, 1972, by the sheriff of Howell County, one was served on December 29, 1972, by the sheriff of Greene County, one was served on December 30, 1972, by the sheriff of Cole County, one was served on January 8, 1973, by the sheriff of Benton County, and one was served on January 22, 1973, by the sheriff of Dent County; after a non-est return by the sheriff of Howell County with regard to the eighth child, service by mail was attempted and he signed the return receipt dated January 3, 1972 (sic). The ninth child apparently was dead.

9. "The sole and only issue in this will contest was devisavit vel non." *Brug v. Manufacturers Bank and Trust Co.*, 461 S.W.2d 269, 273 (Mo. banc 1970).

did not create rights which did not previously exist.

The period during which a will contest may be instituted was triggered, under § 473.083(1), by the probate of Alta's will, or by the first publication of notice of granting of letters on her estate, whichever was later, and not by the outcome of the prior case. Hiram's children were not parties to the latter, nor did it involve the issue of the validity of the attacked will.

Regardless of the nature of Gladys' conduct, which prompted the prior case, it was not the conduct of Hiram's children. See *Armor v. Frey*, 253 Mo. 447, 161 S.W. 829, 836[7] (1913). Indeed plaintiffs' argument, under their first point, treated them as innocent of wrongdoing. Their interests conflicted with those of Gladys. If Gladys had won the prior case, they would have inherited less from Alta because Alta's estate included assets which the judgment in the prior case required to be transferred to the estate. Whether or not the doctrine of estoppel may be invoked by plaintiffs facing possible dismissal under § 473.083(4) [10] no facts have been shown by plaintiffs to support such invocation.

The judgment is affirmed.

STONE, P. J., concurs.

HOGAN, J., not voting.

---

10. "Section 473.083 is not a statute of limitations in the usual sense but is a special statute of limitations applicable solely to the contest of wills. It is exclusive of the other Statute of Limitations under Section 516.-300, RSMo 1969, V.A.M.S., and fraud does not toll the running of the time limit prescribed in Section 473.083 under Section 516.280, RSMo 1969, V.A.M.S., of the General Statutes of Limitations. Section 473.-083 is more in the nature of a statute granting jurisdiction than that of a statute of limitations." *Haas v. Haas*, 504 S.W.2d 44, 46 (Mo.1973).

Section 473.083(1) was involved in *Haas*.