**STATE of Missouri ex rel. Anna C. O'CONNELL, Relator,**

v.

**The Hon. William H. CRANDALL, Jr., Judge of the Circuit Court of St. Louis County, Missouri, Div. No. 1, Respondent.**

No. 38800.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 31, 1978.

Motion for Rehearing and/or Transfer
Denied March 10, 1978.

Application to Transfer Denied
April 10, 1978.

---

3. There are 216 lots platted in Saint Louis Hills Estates No. 4 subdivision.

John H. Quinn, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for relator.

Jerome Wallach, Wallach, Miller & McAvoy, Fenton, for respondent.

REINHARD, Judge.

Relator requests that this court make permanent a Writ of Prohibition, issuing to the Judge of Division One of the Circuit Court. Prohibition is sought in connection with a suit to contest the purported will of John P. McIntyre, Sr. As grounds therefore, relator argues respondent exceeded his jurisdiction in overruling relator's Motion to Dismiss in that plaintiffs below failed to serve within ninety (90) days, without good cause, a party defendant in the will contest action, as required by § 473.083(4), RSMo Supp.1973.

The will of the deceased was admitted to probate on or about January 22, 1974, and Letters Testamentary were granted to relator, Anna C. O'Connell, as executrix. The following are the legatees named in the will and in the Petition for Probate of the Will and for Letters Testamentary: Anna C. O'Connell; The Reverend James T. Murphy, Pastor of St. Jerome's Catholic Church; Jacqueline Hayes; Peggy Loe; and Sally Turner.

On March 15, 1974, the three surviving children of John P. McIntyre, Sr. brought suit to contest the will and designated the five legatees as parties defendant. Service was obtained on all defendants with the exception of Sally Turner. Relator, Anna C. O'Connell, filed an Answer, and for reasons not apparent in the record, the case lay dormant for more than two years.

Relator's Motion to Dismiss was filed, and a hearing thereon was held, in November, 1976. In opposition to the Motion, plaintiffs below maintained that, pursuant to the terms of the will, Sally Turner was a contingent legatee inasmuch as her interest could vest only if she were in the employ of John P. McIntyre, Sr. at the time of his death.[1] In this regard, the attorney for plaintiffs, subsequent to the hearing on the Motion, mailed to respondent an affidavit bearing the signature of Sally Turner, in which the latter states she was aware she would have been entitled to receive Four Hundred Dollars ($400.00) had she been working for Mr. McIntyre at the time of his death, but that she was not working for him at the time of his death.

On December 13, 1976, respondent overruled the Motion, citing the fact that Sally Turner had not been served within the statutory ninety (90) day period, but concluding that Sally Turner was not a necessary party to the suit.[2]

The issue presented to this court is whether, in the circumstances of this case, Sally Turner's status obviated the requirement of service of process and, if not,

1. Article VI of the will, in pertinent part, reads as follows:

"I give and bequeath as follows:

\* \* \* \* \* \*

4. To my cook and housekeeper, Sally Turner of 3934 Cora Avenue, St. Louis, Missouri, provided that she is in my employ at the time of my death, the sum of $400.00, however, if she shall not be in my employ at the time of my death, then and in that event, this bequest shall lapse and become a part of my residuary estate."

2. In his final order, respondent stated:

"The issue is whether the failure to serve Sally Turner, the named defendant, within 90 days after the petition was filed, mandates a dismissal pursuant to Mo. Revised Statute 473.-084(4) [473.083(4)]. From the oral argument of counsel it appears that Ms. Turner was a contingent legatee under the will of John P. McIntyre, deceased. According to the affidavit filed by the plaintiff, which the court will permit the plaintiff to file, the contingency was in effect at the time of the death of John McIntyre, Sr. and, therefore, Ms. Turner would not take under the will.

Based upon those facts, it is the court's finding that Ms. Turner is not a necessary party to this lawsuit and, therefore, defendant O'Connell's Motion to Dismiss is overruled."

whether plaintiffs below made a sufficient showing of good cause for failure to secure and complete service on Sally Turner.

The plain meaning of the will contest statute, § 473.083(4), as it applies here, seems inescapable. Persons seeking to challenge a will

"shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant, * * * in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed by the circuit court * * *."

■ Nevertheless, plaintiffs argue on good authority that this provision applies only to *necessary* parties defendant and not necessarily to all parties defendant named in the petition. This qualification was stamped on the statute by our Supreme Court in *Doran v. Wurth*, 475 S.W.2d 49, 51 (Mo.1971), wherein the court stated:

"In our opinion, the General Assembly intended, by its amendment of the 'will contest' statute, that, absent good cause for failure, *all necessary* party defendants be *named* and served within the prescribed period."

Further, Missouri courts have held repeatedly that a legatee is a necessary party to a suit to set aside a will. *Kane v. Mercantile Trust Co. National Association*, 513 S.W.2d 362 (Mo.1974); *Godsy v. Godsy*, 531 S.W.2d 547 (Mo.App.1975).

In their petition, plaintiffs alleged Sally Turner was a legatee, but now they advance the argument that Sally Turner was not a legatee since she was not in the employ of the testator at the time of his death and therefore not entitled to receive property under the will.[3] In support of their contention, plaintiffs cite to us *Donnan v. Donnan*, 264 S.W.2d 318 (Mo.1954). There the court held the widow of the testator, a beneficiary named in the will but

not named as a party defendant in the will contest petition, was not a necessary party because she had, prior to the filing of the suit, exercised her statutory right of election and renounced the will.

*Donnan* is not controlling of this case. The exercise by the surviving wife of her right of election had a legal effect entirely independent of the terms of the will. Once she had renounced the will, her claim to estate property was delimited by statute and not by her status under the will. The circuit court in *Donnan* was not called upon to interpret and construe the terms of the will preliminary to the determination whether the wife was a necessary party to the will contest.

In contrast, there is no indication that, prior to the initiation of this suit, while the matter was pending in probate court, Sally Turner either renounced her interest under the will, pursuant to § 474.490, RSMo, or that in fact she had no interest under the will. The order of the circuit court was not predicated on the happening of an independent legal event, as in *Donnan*, but rather on respondent's interpretation and construction of the will and on evidence introduced in the form of an affidavit after the filing of the suit.

■ The will stipulated that Sally Turner was to receive Four Hundred Dollars ($400.00) provided she was in the testator's employ at the time of his death. Yet the trial court was without authority in the will contest suit to make the determination whether the condition had been satisfied. "The sole purpose of the will contest statute, § 473.083, is to ascertain the single fact whether a certain paper or papers are or are not the last will and testament of the deceased. The statute * * * permits no other issue to be tried in said contest." *State v. Hensley*, 385 S.W.2d 820, 824 (Mo. App.1964). The validity, effect or construction of the provisions of the will cannot be determined in a will contest suit. *Weaver v. Allison*, 340 Mo. 815, 102 S.W.2d 884 (1937). Questions concerning the property

---

**3.** § 472.010(19) defines "Legatee" as a "person entitled to personal property under a will."

rights of devisees, legatees, heirs and others, which might arise out of a construction of the terms of the will cannot be resolved in such a proceeding.[4] The record properly before the respondent permitted no other conclusion than that Sally Turner was a legatee and thus a necessary party to the suit.[5]

Having concluded service of process on Sally Turner was required, we look to see whether plaintiffs have made a showing of good cause for failure to do so within the statutory ninety (90) day period. Concluding that Sally Turner was not a necessary party, respondent in his order did not reach the issue of good cause. The order did not constitute a determination of good cause, as plaintiffs attempt to argue. Nor does the conclusion of plaintiff that Sally Turner was not a necessary party satisfy the requirement of demonstrating good cause.

■ Proof of good cause consists of a showing of circumstances which prevent or impair service of process. *Godsy v. Godsy, supra* at 553; see also, *Blatt v. Haile*, 291 S.W.2d 85 (Mo.1956). Yet plaintiffs presented no evidence of good cause for their failure to secure and complete service; indeed, they admit in their brief that service on Sally Turner was obtainable.

■■ Jurisdiction to hear will contest actions is conferred upon the circuit court by § 473.083(1). The right to contest a will does not exist independently of statutory authority and can be exercised only in strict accordance with and within the limits prescribed by statute. *Godsy v. Godsy, supra* at 549. It follows that persons bringing a will contest action have the burden of proof on the issue of good cause for failure to secure and complete service of process within ninety (90) days after filing of the petition. § 473.083(4); *Godsy v. Godsy, supra* at 552.

■ In the absence of a showing of good cause, the circuit court no longer had jurisdiction over the subject matter of the contest after the ninety (90) day period had lapsed. *Sanderson v. Richardson*, 432 S.W.2d 625, 630–31 (Mo.App.1968).

■ Because the circuit court exceeded its jurisdiction in not dismissing the case, prohibition is proper. *State v. Strother*, 365 Mo. 861, 289 S.W.2d 73 (banc 1956). The writ hereby is made permanent.

STEWART, P. J. and DOWD, J., concur.

4. Plaintiffs appear to argue that the clause in the will pertaining to Sally Turner is clear and free from ambiguity and not subject to construction. The bequest to Sally Turner was conditioned on her being employed by the testator at the time of his death. That she was not employed at the time of his death, however, would not lead inescapably to the conclusion that her interest could not vest. As to problems of construction of such a provision, see *Re Bridge's Estate*, 41 Wash.2d 916, 253 P.2d 394 (banc 1953), and Annotation, 39 A.L.R.2d 522.

5. Even if we could accept plaintiffs' position that the circuit court had jurisdiction to decide whether the condition precedent to Sally Turner's taking under the will had been fulfilled, we would have to conclude the court lacked competent evidence on which to based such a determination. The affidavit filed with the court following the hearing on the motion to dismiss was not competent evidence. Absent a stipulation of the parties, there is no authority for treating an affidavit as evidence, and in determining the issues therefrom. *Stanfill v. Stanfill*, 505 S.W.2d 438, 439 (Mo.App.1974); *Eames v. Eames*, 463 S.W.2d 576, 579 (Mo.App. 1971). Rule 55.28 does not apply here.

Moreover, we note plaintiffs' petition alleged that Sally Turner was a legatee. Such a statement appearing in the petition constitutes a judicial admission. Plaintiffs subsequently did not amend their pleading. The vital feature of such a judicial admission is its conclusiveness upon the party making it, i. e. "the prohibition of any further dispute of the fact by [the party], and of any use of evidence to disprove or contradict it." Wigmore on Evidence, 3d ed., v. 9, § 2590, at 587; Wigmore on Evidence, Chadbourn ed., v. 4, § 1064, at 67. *See also, Wehrli v. Wabash Railroad Company*, 315 S.W.2d 765, 773–4 (Mo.1958).