Lula RINGO, Appellant,

v.

**PARLIAMENT INSURANCE COMPANY, Kern Insurance Agency, and Accredited Premium Acceptance Corporation, Respondents.**

**No. 41448.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 12, 1981.

Raymond Howard, St. Louis, for appellant.

Gary Snodgrass, Bernard A. Ruthmeyer, St. Louis, for respondents.

SMITH, Judge.

Plaintiff appeals from a judgment in favor of each of the defendants in a jury tried case. We affirm.

Plaintiff brought her cause of action in two counts. The first count alleged that Parliament Insurance Company had issued a policy of insurance to her covering collision damage to her automobile; that while the policy was in effect her automobile was damaged in a collision; that defendant refused to pay for the cost of repair of the

vehicle pursuant to the terms of the policy. In this count plaintiff pleaded that she had received from Parliament prior to the accident a notification of cancellation of the policy for non-payment of premium. Parliament admitted the latter allegation and denied generally all other allegations.

In Count II plaintiff sought recovery against Kern Insurance Agency and Accredited Premium Acceptance Company on the grounds that their agent, Horlivy, made false and fraudulent representations that plaintiff's cancelled insurance would be reinstated if she paid an amount overdue when he knew the policy would not be reinstated and knew further he had no authority to make such representations.

■ The trial court directed a verdict at the close of plaintiff's case as to Kern and Accredited. Plaintiff's first contention on appeal is that the court erred in its action in directing a verdict for those two defendants. Those defendants support the action of the trial court on the basis that plaintiff failed to establish that Horlivy was the agent of either. The burden was upon plaintiff to establish Horlivy's agency; agency is not presumed. *Dillard v. Roland*, 520 S.W.2d 81 (Mo.App. 1974) [2]. There is no evidence of express agency. Nor do we find any evidence of implied agency or apparent authority. We need not enter into a discussion of the law to be applied in determining this question. It has been thoroughly discussed in *Morrow v. Loeffler*, 297 S.W.2d 549 (Mo.1956) and *Dudley v. Dumont*, 526 S.W.2d 839 (Mo.App. 1975). The evidence favorable to plaintiff reflects only that Horlivy accepted a check from plaintiff payable to Kern, that Horlivy called plaintiff about her arrearages due Accredited, that Parliament listed Horlivy as "Agent 924/88" on a statement of payments to be made by plaintiff to Kern, and that Horlivy's typewritten name appeared without identification on a blank receipt form of Accredited. Each of these facts is equally consistent with Horlivy being a broker serving as plaintiff's agent as with him being an agent of Kern or Accredited. *Morrow v. Loeffler, supra*, [1]. Plaintiff also read into evidence answers of Kern to interrogatories which identified Horlivy as "an independent insurance broker who offices in the facilities provided at Kern Insurance Agency." Even if we are free to ignore the first part of this answer and consider the remainder, the officing arrangement does not establish agency. The evidence here to establish agency is considerably less than that found insufficient in *Dudley v. Dumont, supra.* The court did not err in directing a verdict for defendants Kern and Accredited.

■ Plaintiff next complains of three alleged errors which she claims entitle her to a new trial against Parliament. The first relates to the trial court's alleged refusal to allow plaintiff's counsel to argue the failure of Parliament to produce witnesses to testify that they sent plaintiff the notice of cancellation. There is nothing in the record concerning this matter and we therefore have nothing to review. Plaintiff, acknowledging this, has filed with this court a letter from the court reporter reflecting the loss of the notebook covering an in-chambers discussion between the court and counsel in which, plaintiff contends, this matter was discussed. That letter[1] indicates that plaintiff first expressly requested transcription of this portion of the record approximately fifteen months after the record was originally ordered and approximately 6 months after the record, approved by all counsel, was filed in this court. The loss of the notes, according to the letter of the court reporter, occurred sometime after he left the employment of the Circuit Court as a result of a change of storage location by the Court. The court reporter left the court's employment "more than a year" before the letter was written, or presumably after the record was ordered. It was the plaintiff's obligation to furnish this court with a complete record of the matters to be reviewed. Rule 81.12(a) (1979). There is nothing before us to show that plaintiff diligently sought to obtain the omitted material or that she made any effort to provide a substitute for the actual transcription of the lost material. *Jackson v. State*, 514 S.W.2d 532 (Mo.1974) [1–4]. She is not therefore entitled to seek a remand, as she suggests, because of the absence of the

1. In discussing this letter, we in no way imply that such a letter constitutes a proper method

of bringing the matter to this court's attention.

in-chambers discussion. We have nothing to review on this contention of error.

 Next plaintiff complains of the court's action in allowing defendant Parliament to introduce into evidence that portion of her petition which alleged that she had received a notice of cancellation of her insurance policy. Despite this allegation in her petition, plaintiff testified at trial that she did not receive a notification of cancellation. After that testimony, the court permitted plaintiff to be cross-examined on the allegations of her petition.

The parties have joined issue over whether the allegations constituted an abandoned pleading. We are inclined to believe that the allegation was a judicial admission which plaintiff was estopped to deny. *See, Wehrli v. Wabash Railroad Company*, 315 S.W.2d 765 (Mo. 1958) [8–10]; *May v. May*, 294 S.W.2d 627 (Mo.App. 1959) [4–7]; *State ex rel O'Connell v. Crandall*, 562 S.W.2d 746 (Mo.App. 1978) [8]. Defendant had admitted the truth of the allegation and as the case developed the receipt by plaintiff of the notice of cancellation was the critical issue for decision by the jury. It is difficult for us to find prejudice to plaintiff in allowing defendant to attack plaintiff's credibility on an issue about which she should not have been permitted to testify and which, until her testimony, was not a contested issue. At any rate, her testimony completely changed her theory of recovery and caused that portion of her petition to become abandoned. *R-Way Furniture Company v. Powers Interiors, Inc.*, 456 S.W.2d 632 (Mo.App. 1970) [1, 2]. There was no error in allowing the cross-examination.

 Plaintiff's final point is that the trial court erred in allowing the defendant to call plaintiff's counsel and requiring him to produce a notice of cancellation addressed to plaintiff from his file. The only objection raised in this court to this action is that "plaintiff's counsel was not a competent witness under the provisions of the Uniform Business Record Act." There is no merit in such a contention and that is the only objection we deal with. The testimony and document were elicited to establish plaintiff's receipt of the notice of cancellation and not to prove the truth of the material contained in the document. The fact it was in plaintiff's counsel's possession was the relevant fact and counsel was competent to testify to that.

Judgment affirmed.

SATZ, P. J., and SIMON, J., concur.