In the Matter of Lutherene Hill.

Lutherene HILL, Claimant, Appellant,

v.

MISSOURI DEPARTMENT OF PUBLIC HEALTH & WELFARE, Respondent.

No. 35647.

Missouri Court of Appeals, St. Louis District, Division 2.

Feb. 25, 1975.

Charles Himeles, Allan F. Stewart, Legal Aid Society, Clayton, for appellant.

Robert R. Northcutt, Paul T. Keller, Jefferson City, for respondent.

STEWART, Judge.

Lutherene Hill, claimant, appeals from a judgment of the Circuit Court affirming the decision of the Director of Public Health and Welfare, hereafter called Director, to close her Aid to Dependent Children grant and to reject her application for Aid to Dependent Children benefits. We affirm.

Claimant, the mother of six minor children, had been the recipient of an ADC grant for six years. Upon being advised that her case was to be closed she filed an application for hearing before the Director pursuant to § 208.080.[1] Shortly after, she received the notice, and, before the hearing, claimant reapplied for ADC benefits. She was subsequently notified that her reapplication was to be rejected and she made application for hearing upon this decision.

Both hearings were held before a referee of the Department of Public Health and Welfare. Claimant appeared personally and with counsel. A written decision was rendered holding claimant was ineligible for ADC benefits because the children were not deprived of parental support by reason of continued absence from the home of their father, Marshall Hill. Claimant appealed to the Circuit Court in accordance with § 208.100. The court affirmed the findings and decision of the Director.

Claimant alleges that the Director's decision was arbitrary and unreasonable because it was not supported by competent and substantial evidence upon the whole record. It is claimant's contention that the principal basis for the closing of the ADC grant and the rejection of her subsequent application was the report of Mr. Phil Moeller, an investigator for the Missouri Division of Welfare, whose testimony was confusing and contradictory.

We review this case in accord with Mo.Const. Art. V, § 22, V.A.M.S., as

---

1. References are to R.S.Mo.1969, unless otherwise indicated.

implemented by § 536.140. Hill v. State Department of Public Health and Welfare, 503 S.W.2d 6 (Mo.Banc. 1973). In passing upon the question of whether the Director's decision was supported by competent and substantial evidence upon the whole record, this court is required to view the evidence in the light most favorable to the decision of the Director. Central Bank of Clayton v. State Banking Board of Missouri, 509 S.W.2d 175 (Mo. App.1974).

Mr. Moeller testified that during his two-week investigation in late October he saw Mr. Hill's automobile parked in front of claimant's house on several occasions. He identified the automobile by the license registered to Mr. Hill. He said he spoke to Mrs. Hill and that, when asked, she said her husband would be home around 6:00 P. M. Claimant's testimony is contrary.

■ What exists here is not confusing and contradictory testimony, rather it is opposing testimony. The court is not required to reverse the decision of the Director and the judgment of the Circuit Court merely because there is evidence in opposition which may also be substantial and competent. Hanebrink v. Parker, 506 S. W.2d 455 (Mo.App.1974).

■ The question before the Director was whom to believe. It was a question of credibility and in all matters concerning the credibility of witnesses deference shall be accorded to the Director's findings. Missouri State Board of Pharmacy v. Kennedy, 511 S.W.2d 913 (Mo.App.1974).

■ Claimant and her husband admitted that they filed joint income tax returns for 1967 and 1970 and that they opened a joint bank account in 1971. An application for food stamps lists both claimant and her husband as members of the household. Upon the record we find that the decision of the Director was based upon competent and substantial evidence.

Claimant also claims that she was denied a fair hearing and determination by the Director in that no additional independent investigation was made subsequent to her reapplication. § 208.070 reads as follows:

"Whenever the county office receives an application for benefits an investigation and record shall be promptly made of the circumstances of the applicant by the county office in order to ascertain the facts supporting the application. Upon the completion of such investigation the director of the division of welfare, or some one designated by him, shall decide whether the applicant is eligible for benefits and if entitled to benefits determine the amount thereof and the date on which such benefits shall begin. The director of county welfare shall notify the applicant of the decision."

■ In construing a statute it should be given a reasonable interpretation. It should not be read so as to bring about an unreasonable or absurd result. McCarthy v. Board of Trustees of Fireman's Retirement System of St. Louis, 462 S.W.2d 827 [7] (Mo.App.1970). The purpose of the mandate of the statute is clearly stated within the statute. It is to "ascertain the facts supporting the application".

■■ A reasonable reading of the statute does not require a complete reinvestigation in every instance in which there is a reapplication following a notification that a case is to be closed. To hold otherwise could result in putting ADC on a day to day basis, and result in an unwarranted increase in the cost of administering the act. The statute, § 208.040, as applicable to this case, provides aid to children who are deprived of parental support or care by reason of continued absence from the home of a parent. The statute also provides for aid by reason of the death or physical or mental incapacity of such parent. "Continued absence from the home" involves a course of conduct not a single act.[2]

■ It is true that circumstances change; that a claimant who is ineligible

---

2. The wisdom of such a provision is not ours to determine and has been ameliorated to some extent by § 208.041, R.S.Mo.Supp.1973.

today may be eligible tomorrow and upon a hearing a claimant has a right to show a change in circumstances. State Department of Public Health and Welfare v. Jennings, 464 S.W.2d 750 (Mo.App.1970). To warrant a reinvestigation there must be some indication of a change in circumstances.

In this case the Department of Public Health and Welfare had just completed an extensive investigation to ascertain the facts then existing. Claimant did not contend that there had been a change in circumstances after the investigation which resulted in the notification of closing. She did not present any evidence to indicate any change in circumstances.

Claimant raises the question of burden of proof which requires no discussion in view of our finding that the decision of the Director was supported by competent and substantial evidence upon the whole record. Claimant was accorded due process with the minimum procedural safeguards required by Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The judgment of the trial court is affirmed.

SMITH, C. J., and KELLY, J., concur.