Foster **CRAWFORD,** Forest J. **McClure,** Cloyd J. **Lebow,** Rosalie **Franke,** Kathleen **Keeter,** Orva Mae **Blair,** Betty L. **Crawford,** Mary J. **Morse,** Bonnie L. **Paisley,** and J. D. **Palmer,** Plaintiffs-Appellants,

v.

LeRoy **BASHOR,** Essie **Ward,** Robert W. **McClure** and Doris **McClure,** his wife, Loren **Allen** and Dorothy **Allen,** his wife, and Claude **Standlea,** Defendants-Respondents.

No. KCD 29168.

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

Motion for Rehearing and/or Transfer Denied April 3, 1978.

Application to Transfer Denied May 9, 1978.

Dale, Flynn, Bauman & Liles, Martin M. Bauman, St. Joseph, for plaintiffs-appellants.

Sheffrey, Ryder, Skeer, Krigel & Rose, William J. Kleinkauf, Albany, Dennis J. Owens, Kansas City, for defendants-respondents.

Before SHANGLER, P. J., WASSERSTROM, J., and MARTIN and CLARK, Special Judges.

DONALD B. CLARK, Special Judge.

This action was commenced in the Circuit Court of Gentry County to contest the will of one Hugh McClure. On motion by defendants, the trial court dismissed the petition for failure to name and serve all necessary parties. From such order of dismissal this appeal was taken. At issue is application of Section 473.083, RSMo 1969, the "will contest" statute. We affirm the order of the trial court.

Although the record on appeal and the briefs are deficient in supplying a statement of facts as required by Rule 84.04(c) and (f), no factual dispute being apparent, ·the relevant facts will be extracted from appellants' brief.

Hugh McClure died November 11, 1975. His will was admitted to probate and letters testamentary were issued November 14, 1975. The will included the following bequest:

> "To the Baptist Church Cemetery of Whitesville, Missouri, being the cemetery lying immediately adjacent to the churchyard on the north side of the churchyard of the Whitesville Baptist Church, the sum of $3000.00 cash."

The suit to contest the will was filed by appellants May 13, 1976.

Among persons notified by the executor of proceedings in the probate of the McClure estate was one Clifford Clark of Rea, Missouri, who is part time caretaker of the Baptist Church Cemetery at Whitesville. No public record appears listing any legal entity bearing the name Baptist Church Cemetery of Whitesville, Missouri. A charter was issued on or about May 26, 1915 to the Whitesville Cemetery Association, but that charter expired and all trustees named have died and have not been replaced.

The subject will contest suit did not name as a party defendant the Baptist Church Cemetery of Whitesville, Missouri, the Whitesville Cemetery Association, Clifford Clark or any known or unknown trustee of the cemetery. No attempt was made by appellants to secure appointment of a trustee to act on behalf of the cemetery in respect to the bequest under the will. In its order, the trial court dismissed the petition for failure to name as a party any beneficiary for the bequest to the cemetery.

The authority for and jurisdiction to hear a suit to contest a will is contained in Section 473.083 RSMo 1969. In substance, the statute requires that the suit to contest the will be commenced within six months after the date of probate of the will or after the first publication of notice of letters, whichever is later, and that the contestant thereafter proceed diligently to complete service of process on all defendants. Failure to complete service within ninety days results in dismissal of the action on motion unless good cause be shown for such delay. As the Baptist Church Cemetery was not named in appellants' suit, service of process was neither accomplished nor attempted within the period of limitation. If the Baptist Church Cemetery was a necessary party, then the failure to name such party as a defendant operates to invoke the dismissal penalty of the statute.

■ By virtue of the cited clause in the McClure will, the Baptist Church Cemetery was entitled to receive a legacy of $3000.00.

Section 472.010, RSMo 1969, defines a legatee as a person entitled to personal property under a will. Although Section 473.083, RSMo 1969, does not expressly designate parties required to be joined in a will contest suit, it has repeatedly been held and common reason dictates that those named in the will as beneficiaries of gifts and bequests must be included as parties in the suit. *Cole v. Smith,* 370 S.W.2d 307 (Mo. 1963); *Kane v. Mercantile Trust Co. National Association,* 513 S.W.2d 362 (Mo. 1974). As a legatee, the Baptist Church Cemetery was a necessary party to appellants' suit to set aside the will.

■ Appellants argue, however, that the Baptist Church Cemetery, having no registered or recognized legal existence, was not subject to service of process as required by Section 473.083(4), RSMo 1969, and that omission of such legatee was proper. This argument must fail initially for the reason that existence of the Baptist Church Cemetery of Whitesville, Missouri as a public or private cemetery has not been judicially ascertained. Appellants chose unilaterally to ignore the bequest to the cemetery and, having done so, precluded any inquiry as to the rights or status of the named legatee. Acceptance of appellants' contention would thwart the purpose of the statute which contemplates that all parties interested in the estate be joined in the will contest suit.

■ Bequests to cemeteries are not uncommon and, in fact, are specifically validated by Statute. Section 214.140, RSMo 1969. Where the intent of the testator suggests a gift for the benefit of the lot owners and members of the cemetery association, a charitable trust is thereby created. *Carlock v. Ladies Cemetery Association,* 317 S.W.2d 432 (Mo.1958). If the trustor has failed to name a trustee, the court will appoint a trustee for a charitable use, otherwise valid. *Carlock v. Ladies Cemetery Association,* supra.

Compliance by appellants with Section 473.083, RSMo 1969, required that the petition to contest the McClure will name the Baptist Church Cemetery of Whitesville,

Missouri as a party. Various alternates for subsequent procedures were available including service by publication as provided in Rule 54.12 and appointment by the court of a trustee on application. Appellants have made no showing of good cause for their failure to include the Baptist Church Cemetery as a necessary party. The prescribed statutory period for completion of service of process having passed, the court had no jurisdiction over the subject matter of the contest and properly dismissed the suit. *Blatt v. Haile,* 291 S.W.2d 85 (Mo.1956).

The trial court's order dismissing the petition is affirmed.

All concur.