Mary E. SHAFFER et al.,
Plaintiffs-Appellants,

v.

Robert COCHENOUR et al.,
Defendants-Respondents.

No. 39009.

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 27, 1978.

Motion for Rehearing or Transfer
Denied July 17, 1978.

Application to Transfer Denied
Sept. 12, 1978.

J. William Holliday, Kahoka, for plaintiffs-appellants.

Oswald & Cottey, Kirksville, for defendants-respondents.

GUNN, Presiding Judge.

This appeal, involving a will contest, is from a judgment of the circuit court of Scotland County dismissing count I of plaintiffs' petition for failure to join and serve all necessary parties within the statu-

tory period as required by § 473.083.[1] Appellants argue that the trial court erred in sustaining respondents' motion to dismiss, in that all necessary parties were joined within the statutory time limits, although prior to trial one party was granted a voluntary dismissal and was not subsequently rejoined. We reverse and remand.

The testator, Earl Cochenour, died on March 3, 1976. Shortly thereafter a writing purported to be his last will and testament was admitted to probate in Scotland County, and Letters Testamentary were issued to his sons Wayne, Robert and Gary Cochenour. The first publication of the notice of granting letters in the estate appeared on April 15, 1976. Prior to that date, on April 5, 1976, plaintiffs Barbara Clowser, Mary E. Shaffer, Doris Hines and Bertha McBride filed a petition to set aside the will of their father, Earl Cochenour.[2] Robert, Wayne, Betty, Gary and Janice Cochenour, individually, and Robert, Wayne and Gary Cochenour, as executors, were named as party defendants. It was stipulated that all of the original plaintiffs, in addition to being heirs at law, were legatees under the contested will.

On July 15, 1976, plaintiff Barbara Clowser, through her attorney, took a voluntary dismissal without prejudice under Rule 67.-01 V.A.M.R. Her attorney, who also represented two of the other plaintiffs, explained that Barbara Clowser, a California resident, sought dismissal because she did not wish to return to Missouri for a scheduled deposition. There was no attempt to rejoin her in the suit until January 18, 1977, when plaintiffs filed a motion to add her as a party defendant. She did not actually become a party to the suit on the remaining counts until March 11, 1977, when she filed a voluntary entry of appearance.

Meanwhile on January 13, 1977, defendants filed a motion to dismiss the will contest count alleging that the trial court was without jurisdiction because Barbara Clowser, a necessary party, was not joined in the suit as a party defendant within the time periods set out in § 473.083. A hearing was held on defendants' motion at which time plaintiffs' attorney admitted he had been aware that Barbara Clowser was a necessary party and that he had access to her address and telephone number but offered no evidence as to good cause for failing to join her as a party defendant. He argued, however, that because Barbara Clowser had originally been a plaintiff in the suit there was substantial compliance with § 473.083.

The trial court sustained defendants' motion to quash the will contest count with prejudice. Plaintiffs appeal from that judgment. The pertinent provisions of § 473.083 relevant to this suit are:

"1. Unless any person interested in the probate of a will appears within six months after the date of the probate or rejection thereof by the probate court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition to the circuit court of the county contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate court, then probate or rejection of the will is binding.

\* \* \* \* \* \*

"4. In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of the petitioner."

---

1. Statutory references are to RSMo. Supp.1975.

2. The petition was in four counts. The first sought to set aside the purported will. The second and third sought to set aside two deeds, executed by Earl Cochenour shortly before his death, which conveyed real estate to certain of the defendants. The fourth sought partition of real estate owned by Earl Cochenour. Only count I is relevant to this appeal.

These provisions reflect the declared policy of this state that will contest suits be prosecuted expeditiously or not at all. *Kane v. Mercantile Trust Co. N.A.,* 513 S.W.2d 362 (Mo.1974); *Doran v. Wurth,* 475 S.W.2d 49 (Mo.1971). There is no common law right to contest the validity of a will. The authority to do so is granted by statute and can only be exercised in accordance with the statutory prescriptions. *State ex rel. Cooper v. Cloyd,* 461 S.W.2d 833 (Mo. banc 1971); *Cole v. Smith,* 370 S.W.2d 307 (Mo.1963); *Blatt v. Haile,* 291 S.W.2d 85 (Mo.1956).

Under § 473.083, the contestant must file his petition to set aside the will within six months of probate or rejection of the will or of the first publication of the notice of granting letters on the estate of the decedent, whichever is later. Further, under subparagraph (4) of that section, the contestant must proceed diligently to complete service of process on each party defendant within 90 days after the petition is filed. Failure to file the suit and complete service of process on all necessary parties within the statutory time limits subjects the contestant to dismissal by the trial court unless good cause is shown explaining his inability to do so. *Doran v. Wurth,* supra; *State ex rel. O'Connell v. Crandall,* 562 S.W.2d 746 (Mo.App.1978); *Godsy v. Godsy,* 531 S.W.2d 547 (Mo.App.1975). The burden to prove the existence of good cause rests on the contestant. *Sanderson v. Richardson,* 432 S.W.2d 625 (Mo.App.1968). If the statutory time limits are not complied with and if the contestant fails to meet his burden of showing good cause, dismissal of the suit, upon defendants' motion, is mandatory. *Foster v. Foster,* 565 S.W.2d 193 (Mo. App.St.L., 1978); *Crawford v. Bashor,* 564 S.W.2d 323 (Mo.App.1978). The statute, though in the form of a special statute of limitations governing will contests, actually confers jurisdiction on the circuit court to entertain such suits. Once the prescribed time period lapses the court is without subject matter jurisdiction and cannot proceed. *Haas v. Haas,* 504 S.W.2d 44 (Mo.1973); *Blatt v. Haile,* supra; *Sanderson v. Richardson,* supra.

In this case, Barbara Clowser, who was one of the legatees and an essential party to the will contest, was initially a party plaintiff who voluntarily dismissed herself from the proceeding. We find no violence done to § 473.083 by the remaining plaintiffs' subsequent failure to make her a party defendant to the case. The purpose of § 473.083 is to join all interested parties in the will contest suit. *Crawford v. Bashor,* supra. In our application of the statute we are to give effect to that purpose. *Laswell v. Industrial Com'n of Missouri, Etc.,* 534 S.W.2d 613 (Mo.App.1976). We are also to interpret the language of statutes reasonably. *Hill v. Missouri Dept. of Public Health & Welfare,* 520 S.W.2d 182 (Mo.App. 1975). The purpose of § 473.087 is fully met here inasmuch as Barbara Clowser was a party plaintiff to the proceedings and had full notice of them. In construing the rule requiring all beneficiaries to a will contest to be made parties to the proceedings, our Supreme Court said in *Donnan v. Donnan,* 264 S.W.2d 318, 328 (Mo.1954):

> "We do not construe the . . . rule . . . as applicable to *every* judgment setting aside a will, or as *invariably* requiring the joinder of a named beneficiary in a contest resulting in such a judgment. The purpose of that rule is to afford the beneficiary an opportunity to appear for the purpose of protecting his or her interest under the will and of supporting and defending the writing upon which his or her interest depends, and to have all necessary parties bound by the judgment." (original emphasis)

In *Donnan,* the widow of the testator renounced her interest in the will prior to the will contest, and it was held that failure to join her as a party to the will contest was not fatal to the case. We believe that the reasons for finding that Barbara Clowser need not have been joined as a party defendant are stronger here than in *Donnan.* As Ms. Clowser was plaintiff at the time suit was filed, she would not have been a defendant at that time. As plaintiff, she had full notice of the proceedings and vol-

untarily withdrew. At the time this suit was initially filed, plaintiffs, with Barbara Clowser as one of the plaintiffs, were in compliance with § 473.083. Her withdrawal from the proceedings did not enervate plaintiff's compliance with the statute. The purposes of § 473.083 were fully served, and it was not necessary for Ms. Clowser to subsequently be joined as a defendant.

Judgment reversed and remanded.

WEIER and KELLY, JJ., concur.