**J. C. LAMBERT, Plaintiff,**

v.

**Carl Olen CRONE, Executor of the Estate of Ella Rose Herald Lambert, Deceased,**

**and**

**Carl Olen Crone and Norma Lee Crone, his wife, as Individuals, Respondents,**

**and**

**William Walter Caldwell, Administrator of the Estate of Pearl Marie Caldwell, Deceased, Appellant.**

**No. WD 31990.**

Missouri Court of Appeals, Western District.

June 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 25, 1981.

**60**

Harold L. Miller and Day Miller, Maysville, for appellant.

Robert B. Paden, Maysville, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

This is an action on the cross petition of Pearl Caldwell to contest the will of Ella Rose Herald Lambert (hereafter Ella). The original suit to obtain adjudication of title to real estate, for partition and other relief was filed by J. C. Lambert, Ella's surviving spouse, and named as defendants Pearl Caldwell, Ella's sister, Carl Crone, executor of Ella's estate and Norma Crone, Carl's wife. The issues in the primary action have now been resolved by adjudication in part and dismissal in part.

The parties to the original action also comprised those interested as legatees under the contested will and were realigned as cross plaintiff and cross defendants. Before trial of the will contest, however, J. C. Lambert died. For failure of substitution of Lambert's personal representative as a cross defendant within the requisite time, the trial court dismissed that action. The contestant, Pearl Caldwell, appealed and now, following her death, the appeal is prosecuted by her substituted personal representative.

The dispositive question is whether J. C. Lambert, and subsequently his personal representative, were necessary parties to the will contest. We conclude that they were not and that the trial court erred in ordering dismissal.

Ella's will was made August 6, 1975, prior to her marriage to Lambert. The will, however, included bequests to Lambert of life estate interests in Ella's household goods, personal effects and in her sixty-acre home place. Ella died April 1, 1977, after her marriage to Lambert, the date of that ceremony not being reflected in this record. The will contest was, in fact, unrelated to Ella's association with and marriage to Lambert but asserted that the will had been procured by the undue influence of Ella's companions, the Crones, who were the principal beneficiaries to the disadvantage of Pearl Caldwell, Ella's sister.

The will was admitted to probate April 8, 1977, and respondent Carl Olen Crone was appointed executor. On May 5, 1977, Lambert filed his election as surviving spouse to take against the will. On the same date, he filed the action here to which the cross petition responded by initiating the contest of the will. Lambert's petition claims, not now material to this appeal, sought determination of the parties' interests in real estate, partition of real estate and restoration of assets allegedly obtained from Ella by the Crones through false representations. The will contest by the cross petition was filed June 1, 1977, well within the limitation provided in § 473.083, RSMo 1978.[1]

1. Section 473.083 was amended by Laws of Mo.1978, p. 837 in particulars not of concern here. An additional amendment by Laws of Mo.1980, p. 456 is hereafter noted.

J. C. Lambert died May 14, 1979, at which time the will contest was still pending. By November 26, 1979, no motion for substitution of a personal representative for Lambert had been made, either for prosecution of the remaining counts of his original petition or as a party cross defendant in the will contest. On that date, the Crones moved to dismiss the original Lambert petition relying on Rule 52.13(a)(1). The motion was unopposed and on December 20, 1979, the motion was sustained, thus dismissing the original cause which Lambert had filed leaving only the will contest pending.

The November 1979 motion by the Crones incorporated a recitation as to Lambert's death and, relying upon that as a suggestion of death under Rule 52.13(a)(1), the Crones moved on July 1, 1980 for dismissal of the cause as to J. C. Lambert for want of substitution of a personal representative within the required ninety days. The motion also sought dismissal of the will contest as to all parties on the ground that the action could not be prosecuted without inclusion of J. C. Lambert, a necessary party. The order of dismissal entered on that motion is the subject of this appeal.

The thrust of appellant's contention that dismissal of the will contest as to the Crones was in error is that failure of substitution for Lambert did not eliminate a necessary party from the case. This follows, it is argued, because Lambert, who had rejected the will and would share in the estate pursuant to § 474.160, RSMo 1978 irrespective of the validity of the will, was not interested in the will contest and would be unaffected by whatever result obtained. Appellant also asserts that Lambert was named as a cross defendant in the will contest petition only "Out of an abundance of caution."

■ An action to contest a will is a remedy which exists solely by reason of statute, it is in derogation of the common law and the limits of the statute prescribe the court's jurisdiction. *Blatt v. Haile*, 291 S.W.2d 85 (Mo.1956); *Godsy v. Godsy*, 531 S.W.2d 547 (Mo.App.1975). The procedural requirements of § 473.083(4), RSMo 1978 have been construed to obligate the contestant of the will to name and serve all necessary parties within ninety days after the petition has been filed. *Doran v. Wurth*, 475 S.W.2d 49 (Mo.1971). All legatees are necessary parties. *Kane v. Mercantile Trust Co. National Association*, 513 S.W.2d 362 (Mo.1974); *Crawford v. Bashor*, 564 S.W.2d 323 (Mo.App.1978).

■ While the surviving spouse as a legatee would, under most circumstances, be an indispensable party to a will contest, an exception has been recognized where the spouse has rejected the will and elected to take the statutory share pursuant to § 474.-160, RSMo 1978. The rationale appears to be that the electing spouse thereafter has no interest in the will contest because the distributive share depends entirely on the statute.

In *Donnan v. Donnan*, 264 S.W.2d 318 (Mo.1954), a judgment setting aside the will was challenged on appeal by the proponents of the will on the ground that the widow named in the will as a legatee had never been a party to the suit and that the judgment was therefore void. It further appeared that the widow had renounced the will and had exercised her statutory right of election before the will contest was filed. Under these circumstances, it was held that the widow was not a necessary party to the will contest because she would not be affected by the result.

*Donnan, supra* is controlling here. Lambert's rejection of the will and his election to take the statutory share available to a surviving spouse has never been in question. He was therefore not a party necessary to the will contest which arrayed the Crones on the one hand as the proponents and Pearl Caldwell on the other as contestant. That contest should have been adjudicated.

Some argument may well be offered, although not asserted here, that pendency of the will contest defers under § 474.180,

RSMo 1978 the finality of a spouse's right of election until ninety days after the will contest is finally determined and that the spouse is thereby contingently interested in the outcome of the litigation. Indeed, where the deceased is survived by issue, the interest of the spouse is increased if the will is found on contest not to be the will of the deceased and if the spouse therefore takes by intestate succession under § 474.010, RSMo Supp. 1980 rather than by election under § 474.160, RSMo 1978.

Whatever may be the merits of that aspect of the problem which were not addressed or ruled in *Donnan, supra*, this case is otherwise distinguishable because here, unlike *Donnan*, the surviving spouse was joined as a party in the original will contest proceeding, he was served within the required time provided by the statute and he had full notice of the proceedings and an opportunity to assert a position compatible with his interests. In fact, Lambert filed no answer to the cross petition and evidenced no interest in the result of the contest.

In *Shaffer v. Cochenour*, 569 S.W.2d 320 (Mo.App.1978), Barbara Clowser, a daughter of the testator and a legatee under the purported will, had joined with her sisters in a petition filed to set aside the Cochenour will. As a resident of California, however, Barbara took a voluntary dismissal under Rule 67.01 because she did not wish to return to Missouri for a deposition. The proponents moved later to dismiss the contest because Barbara, a necessary party, had not been rejoined in the case as a defendant within the time period set out in § 473.083, RSMo 1978. The court concluded that the original joinder of Barbara as a party met the requirement of the statute, the purpose of which was thereby served, and it was unnecessary for her to be subsequently added as a defendant.

Here, J. C. Lambert was a party to the will contest at the outset, the requirement of the statute was observed and by his pleading default, Lambert indicated disinterest in the proceeding. There was no requirement that he be compulsively re-tained as a party either before or after his death.

Joinder in a will contest of parties who are not interested in the case and who will not be adversely affected by the result has now been expressly made unnecessary by amendment to § 473.083 by Laws of Mo. 1980, p. 456, effective January 1, 1981. Although not applicable to the present case in which the order of dismissal predated the date of the statutory amendment, this expression of legislative intent confirms the rationale of *Donnan, supra* in its limited exemption of the spouse who has elected to take against the will.

The judgment and order dismissing the cross-claim of cross petitioner Pearl Caldwell for contest of the will of Ella Rose Herald Lambert is reversed and the case is remanded with directions that the cause be reinstated.

All concur.