**Charlotte Yvonne Manche ROMANN,
Plaintiff/Appellant,**

v.

**Jessie V. Manche BUECKMANN, et al.,
Defendants/Respondents.**

**No. 48487.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 31, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Feb. 13, 1985.

Application to Transfer Denied
April 2, 1985.

Albert C. Lowes and W. Eric Cunningham, Lowes & Drusch, Cape Girardeau, for plaintiff/appellant.

Huck & Kasten, Inc., Herbert A. Kasten, Jr., Ste. Genevieve, for defendants/respondents.

CRIST, Judge.

Appeal from the dismissal of plaintiff's four count petition designated "Will Contest with Action for Conspiracy to Defraud Decedent Against Certain Defendants". We affirm in part, and reverse and remand in part.

Decedent William R. Manche died on March 7, 1983. He left four daughters, four granddaughters (the children of a fifth daughter who predeceased decedent) and appellant, a granddaughter from decedent's predeceased son. Three documents: (1) a will dated March 15, 1968, (2) a first codicil dated May 18, 1976, and (3) a second codicil dated December 14, 1976 were admitted to probate April 14, 1983. Under the will dated March 15, 1968, respondent Jessie V. Bueckman, one of decedent's daughters, received a 42-acre tract of land. A note for $3,000 owed decedent by respondent daughter Ray Anges LaRose and her husband Bernard was forgiven. The remainder of the estate was bequeathed primarily to decedent's living children other than respondent Jessie Bueckman. Decedent's son Herman Manche was appointed executor. The first codicil appointed respondent Jessie Bueckman executor in place of decedent's son, who had died since execution of the will in 1968. The second codicil devised $1,000 to plaintiff Charlotte Romann, the daughter of the predeceased son, (decedent's granddaughter), and divided the remainder of the estate primarily among decedent's four living daughters.

On September 14, appellant granddaughter filed a will contest in three counts with

a separate fourth count alleging a conspiracy to defraud decedent. In the caption of her petition, appellant granddaughter divided the defendants into two groups. The first group was decedent's four living children; the second group was the four children of the predeceased daughter, *Bernard J. LaRose*, and Earl and Phillip Bueckman, who apparently are Jessie V. Bueckman's husband and son.

Count I of the petition, challenging the December, 1976 codicil was directed at the first group of defendants and the children of the predeceased daughter. Counts II and III, directed against the first group of defendants only, attacked the first codicil, dated May 18, 1976, and the will dated January 15, 1968, respectively. Bernard LaRose, though served with process as a defendant captioned in second group of defendants and a legatee in the will, was *not* named a defendant in any of the three counts. He was a named defendant in the conspiracy to defraud Count IV.

Count IV, entitled "Conspiracy to Defraud," was directed against five specific defendants; two from the first group, Jessie V. Bueckman, and Ray Anges LaRose, and three from the second group, *Bernard LaRose*, and Earl and Phillip Bueckman.

The trial court, on defendant's motion, dismissed Count IV on January 18, 1984, because of improper joinder of the three will and codicil contest counts with the conspiracy to defraud count. Defendants then moved to dismiss the remainder of the petition because of the failure to timely join Bernard J. LaRose as a defendant on those three counts.

Appellant granddaughter moved, on February 7, 1984, to set aside the dismissal of, and for leave to amend, Count IV of the petition; this motion was overruled on February 16, 1984. Defendants' motion to dismiss Counts I, II and III was granted with prejudice on March 14, 1984.

■ In a will contest under § 473.083 RSMo 1978, the only question that may be considered is whether a certain document or documents is the last will and testament of decedent. The court has no jurisdiction to hear any other claims, and dismissal of Count IV was proper. *Danforth v. Danforth*, 663 S.W.2d 288, 294 (Mo.App.1983).

■ Appellant also asserts the trial court erred in dismissing the will contest, claiming that Bernard LaRose was not a necessary party, or, if he was a necessary party, he was sufficiently involved in the suit to avoid dismissal. Bernard LaRose was a named legatee under the will, which would forgive an indebtedness of $3,000 owed decedent by Bernard and his wife. As a legatee, he was a necessary party. *Lambert v. Crone*, 621 S.W.2d 59, 61 (Mo. App.1981). The statute governing will contests, § 473.083, RSMo 1978, requires all necessary parties be joined and served within a limited period of time. *Doran v. Wurth*, 475 S.W.2d 49, 51 (Mo.App.1971).

■ In the instant case, it is conceded Bernard was named in the caption and in Count IV as a party defendant, and served with process. His wife, named as joint legatee with Bernard, was named and served as party defendant in the will contest. All other necessary parties were properly named and served with process. Bernard filed his answer as to Count IV, and joined in the motion to dismiss Count IV.

The purpose in making all persons mentioned in the will necessary parties is to guarantee *all* interests are before the count at one time. The reason for the time limit is to expedite probate matters. Bernard's benefit from a valid will was freedom from debt on his and his wife's joint note. Wife was a party. The note was before the court. His interest was before the court. He had actual notice. He was named in the caption, served with process and participated in the proceedings. Any violation of § 473.083 was of little consequence. The trial court had all necessary parties before it, and could, and should proceed to let appellant granddaughter have her day in court. *Shaffer v. Cochenour*, 569 S.W.2d 320 (Mo.App.1978) and *Watson v. Watson*, 562 S.W.2d 329 (Mo. banc 1978).

Appellant also attacks rulings on her objections to defendants' interrogatories. We have considered the interrogatories and the objections and cannot conclude on this record, the trial court abused its wide discretion. *State ex rel. Stockstrom v. Crandall,* 584 S.W.2d 124, 126 (Mo.App.1979). The trial court may make further interrogatory orders as it shall deem proper.

The judgment as to Counts I, II and III is reversed and remanded for further proceedings. The judgments are in all other respects affirmed.

REINHARD, C.J., and DOWD and KAROHL, JJ., concur.