**Helen DIETZLER, et al., Appellants,**

v.

**Ramona LYNCH, et al., Respondents.**

**No. 57002.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 1990.

John L. Sullivan and Joyce Eileen York, St. Louis, for appellants.

James Roland Wright, Jr., and Alan Agathen, Clayton, for respondents.

GARY M. GAERTNER, Presiding Judge.

The appellants, the heirs at law of Anna M. Garrett, seek reversal of the trial court's order dismissing their petition to contest the will of Ms. Garrett. We reverse and remand.

On November 18, 1986, Anna Marie Garrett died. She left a will dated August 28, 1985, which was admitted to probate on August 3, 1987. This will left her entire estate to a "pour-over" trust which she had established on August 28, 1985, the same date as the will. The named trustee was Ramona Lynch and the beneficiaries of the trust were Al and Ramona Lynch and the "LeMay Congregation of Jehovah's Witnesses."

On November 17, 1987, appellants filed their petition to contest the will claiming that the will was not properly attested, that the decedent was of unsound mind at the time she executed the will, and that respondents, Al and Ramona Lynch, exerted undue influence over the decedent. Appellants named as defendants Al and Ramona Lynch, individually, and the LeMay Congregation of Jehovah's Witnesses, an unincorporated association. The correct organization of Jehovah's Witnesses to serve was apparently the "LeMay Missouri Congregation of Jehovah's Witnesses", which was a Missouri corporation. The trust document, on the other hand, clearly referred to the unincorporated organizational name and appellants' search of the Missouri corporation records did not reveal the correct, corporate name.

On April 27, 1989, the LeMay Missouri Congregation of Jehovah's Witnesses (the corporation) entered its appearance and filed a motion to dismiss the petition on the grounds that the petition failed to name them as a defendant and thus failed to serve all necessary parties within 90 days of the filing of the petition as required under RSMo § 473.083.6 (1986). The motion averred that the corporation was the beneficiary of the trust and, therefore, should have been named and served as a defendant. On May 24, 1989, Al and Ramona Lynch filed a motion to dismiss which incorporated by reference the grounds utilized in the corporation's motion.[1] On June 13, 1989, the court dismissed the appellant's petition and found that: 1) appellants did not timely serve all necessary parties; and 2) appellants failed to name and serve the trustee of the trust, Ramona Lynch, as a defendant. We will address each ground separately.

Missouri Revised Statute § 473.083.3 provides, inter alia, that:

3. It is not necessary to join as parties in a will contest persons whose interests will not be affected adversely by the result thereof....

Prior to the enactment of this subsection, all necessary parties had to be named as defendants in a suit to contest a will. *Doran v. Wurth*, 475 S.W.2d 49, 51 (Mo.1971). Under the new subsection, only those parties who would be "affected adversely" by the result of the will contest need be joined as defendants.

The test to determine whether a party is adversely affected is whether "an interested person stands to lose some benefit if the will contest ultimately succeeds, not whether there is a possible loss of a benefit or expectancy if the contest fails." *Zimmerman v. Preuss*, 725 S.W.2d 876, 877 (Mo. banc 1987).

Applying the above test to the pour-over trust, it is clear that the trust would suffer a loss of the dollar value of the estate if the will is successfully challenged. Appellants named and purportedly served the LeMay Congregation of Jehovah's Witnesses, an unincorporated association, as a de-

---

1. Appellants quite correctly point out that, since the corporation was not a party to the suit, their entry of appearance and motion to dismiss were of no affect. The Lynchs' attempt to incorporate by reference portions of the corporation's motion could also be said to be invalid. However, the record does not reveal that appellants ever objected to the propriety of either motion.

Since there was no suggestion that the grounds for dismissal, which were contained in the corporation's motion and incorporated by the Lynchs' motion, were unclear to either the parties or the court, we will treat the Lynchs' motion as properly filed pursuant to Rule 55.26(a) (requiring that the grounds of a motion be stated in the motion).

fendant. Only by virtue of an affidavit submitted by the supposed proper beneficiary corporation did the appellant and the court realize that a proper (necessary) party may not have been served.

■ Be that as it may, the corporation was never a party to this will contest and never sought nor received the right to intervene as such pursuant to Rule 52.12. The affidavit submitted by the supposed proper beneficiary corporation was submitted as a suggestion in support of the corporation's motion to dismiss, which the corporation was not entitled to file since it was not a party.

■ More importantly, the sole purpose of a will contest is to determine whether the paper or papers at issue before the probate court are or are not the last will and testament of the deceased. *Danforth v. Danforth*, 663 S.W.2d 288, 294 (Mo.App., W.D.1983); *State ex rel. O'Connell v. Crandall*, 562 S.W.2d 746, 749 (Mo. App., St.L.D.1978). The validity, effect or construction of a will cannot be determined in a will contest suit. *Crandall*, 562 S.W.2d at 749. Thus, whether the corporation or the unincorporated association was the intended beneficiary of the will and the trust, was not a question which could be properly answered in this will contest.

Nor is it appropriate to burden the appellant with the responsibility of determining the true beneficiary where there is a clear designation in the trust agreement. Appellant named and served the entity identified in the trust as a beneficiary. Whether this entity was the intended beneficiary was not an appropriate issue in this will contest.

We now turn to the second ground upon which the court based its dismissal of the present action; the failure to name and serve the trustee of the pour-over trust. Appellant argues, in essence, that since all of the beneficiaries are named as defendants, it is unnecessary to make the trustee a defendant also.

■ Beneficiaries can be bound by orders which bind their trustees under Missouri's probate scheme. RSMo § 473.083.3 and RSMo § 472.300(2)(b). The statutes do not provide, however, that beneficiaries can bind trustees. Moreover, in *Kane v. Mer-*

*cantile Trust Company National Association*, 513 S.W.2d 362 (Mo.1974), the Missouri Supreme Court held that the trustee of a charitable trust created in the will was a necessary party to a will contest. *Id.* at 364. The decedent's will in the instant action specifically bequeathed her estate to the named trustee of the trust she established on August 28, 1985. If the will contest is successful, this bequest to the trustee fails. Therefore, the trustee was a necessary party under RSMo § 473.083.3.

■ The trustee named in the trust agreement was Ramona Lynch. While Ms. Lynch was named and served in her individual capacity and as a representative party for the unincorporated LeMay Congregation, she was not named nor served in her capacity as trustee. The failure to name and serve an adversely affected party, such as the trustee, under RSMo § 473.083.6 is jurisdictional. *Danforth*, 663 S.W.2d at 293. For the following reasons, however, we believe that the trustee, Ramona Lynch, was sufficiently named and served with process pursuant to RSMo § 473.083.6.

In *Watson v. Watson*, 562 S.W.2d 329 (Mo. banc 1978), a legatee of the estate of George Henry Watson was served with a petition filed pursuant to RSMo § 473.083. The legatee was named as a defendant in his capacity as the executor of the will, however, the legatee was not named in his individual capacity. *Id.* at 331.

The Missouri Supreme Court first noted that, as a legatee, he was a necessary party to the will contest action. *Id.* The court went on to read the summons together with the petition and found that they clearly apprised the legatee that the purpose of the action was to divest him of his individual interest in the estate. *Id.* After stating that "summons served upon the right party by a wrong name is well served," the court went on to hold that the summons and petition were sufficient to serve the legatee in his capacity as executor *and* individually. *Id.* at 333.

In *Romann v. Bueckmann*, 686 S.W.2d 25 (Mo.App., E.D.1984) this court cited *Watson* in holding that a legatee, who was named in only one count of a four count

petition and was not named in any of the three counts which comprised the will contest, was nonetheless properly named and served pursuant to RSMo § 473.083. *Id.* at 27. In *Romann,* the legatee was served with all four counts of a petition. Count IV, the only count in which he was named as a defendant, was subsequently dismissed by the trial court. *Id.* Even though the legatee was not named (in any capacity) in any of the three counts which comprised the will contest action, the court still held it had jurisdiction to proceed since he had actual notice of the proceedings and participated in the proceedings. *Id.* In our case, Ramona Lynch was named in the petition to contest the will, albeit not in every applicable capacity.

The case at bar is actually the reverse of *Watson* since in *Watson* the near-fatal flaw is the failure to serve a party in their individual capacity; here, Ramona Lynch is not named in her capacity as trustee. Nevertheless, the petition indicates that the trust was the devisee under the contested will and that the bequest was specifically made to the trustee of the trust. It cannot be said that Ramona Lynch was unaware or without notice of the import of the present action upon the trust. Ms. Lynch had personal knowledge that she was the trustee and had actual knowledge of this proceeding.

A dismissal in this case, we feel, would work an injustice, denying appellants their day in court, through a mere mistake. *Watson,* 562 S.W.2d at 333. The technical defects in the caption and summons can be corrected by appropriate amendment. *Id.*

Since we hold that the appellants properly complied with RSMo § 473.083, we reverse the decision of the trial court and reinstate the petition to contest the will of Anna M. Garrett. This cause is remanded for further proceedings with directions that amendment of the process be made to show service upon Ramona Lynch, trustee.

REINHARD and CRIST, JJ., concur.