Ruthmary **ANDERSON**,
et al., Appellants,

v.

Rozella Lee **WITTMEYER**,
et al., Respondents.

No. WD 44952.

Missouri Court of Appeals,
Western District.

June 23, 1992.

James P. Moroney, Kansas City, for appellants.

Guy A. Magruder, Jr., Kansas City, for Wittmeyer and First Christian Church.

Norman Humphrey, Jr., Independence, for Independence Public School.

Elgene C. Ver Dught, Higginsville, for Lafayette County School.

Ronald C. Mullennix, Liberty, for William Jewell College.

Before BRECKENRIDGE, P.J., and LOWENSTEIN, C.J., and HANNA, J.

BRECKENRIDGE, Judge.

Ruthmary Anderson, John Allen Cogswell and Dean Kramer filed an action challenging the validity of a document purported to be the last will and testament of decedent, John E. Cogswell. Dean Kramer was dismissed as a party plaintiff on the motion of one of the defendants, First Christian Church of Independence. The matter was then dismissed for lack of subject matter jurisdiction in that Dean Kramer, a beneficiary under the challenged will, had not been joined and served as a defendant within the statutory ninety-day period. The appellants, Ruthmary Anderson and John Allen Cogswell, contend that the court below erred in its dismissal of the action, claiming that it was unnecessary to join and serve Dean Kramer as a defendant because, by entering his appearance in the action as a party plaintiff, Mr. Kramer waived the statutory requirements. Thus, the trial court did not lose jurisdiction over the action.

The judgment is reversed.

John E. Cogswell, a resident of Jackson County, Missouri, died on July 31, 1990. A document purporting to be his will, dated July 28, 1990, was admitted to probate August 6, 1990. On December 18, 1990, a petition contesting the purported will was filed by Ruthmary Anderson, John Allen Cogswell and Dean Kramer against Rozella Wittmeyer and ten other named defendants.[1] Ruthmary Anderson and John Allen Cogswell were the children of the decedent. Dean Kramer, a nephew of John Cogswell's deceased wife, was named as a beneficiary in the contested will.

On April 12, 1991, First Christian Church of Independence filed a motion to dismiss

1. Ross Wyss, Mary Jane Petroff, Barbara Riffle, Ann Kramer, Shirley Jean Kramer, Mary Mullins, Independence Public School District, Cord- er Missouri Public School District, William Jewell College and First Christian Church of Independence.

Mr. Kramer as a plaintiff on the grounds that Mr. Kramer was not an interested person within the meaning of Section 473.-083, RSMo 1986,[2] and not a proper plaintiff in the action. The trial court granted the motion on May 6, 1991. Thereafter, on that same day, First Christian Church moved to dismiss the action for lack of subject matter jurisdiction. Its grounds were that Dean Kramer had not been joined and served as a party defendant during the ninety-day period and no good cause could be shown for failure to do so. The trial court granted the motion and appeal was taken from that dismissal.

▆▆▆ Dismissal of the action by the trial court must be sustained if there is any ground supporting the motion to dismiss, regardless of whether such ground was relied on by the trial court. *Cool v. Reed*, 710 S.W.2d 243, 244 (Mo.App.1986). Review of the trial court's dismissal of the action is undertaken pursuant to an abuse of discretion standard. *Larson v. Larson*, 818 S.W.2d 740, 741 (Mo.App.1991). In dismissing the cause, the trial court abused its discretion.

▆▆▆ Section 473.083 governs the procedure for filing a will contest. Such section "has not been regarded as a statute of limitations in the usual sense but as a special statute applicable solely to will contest actions. Hanna & Borron, 5 *Missouri Practice*, § 283 (1988). It is viewed as a statute conferring jurisdiction rather than as a statute of limitations. *Id.*" *Burke v. Kehr*, 826 S.W.2d 855, 862 (E.D.Mo.App. 1992). In order to obtain jurisdiction under Section 473.083, all necessary parties must be joined. Necessary parties are those persons having an interest which would be adversely affected by not being included in the suit. *Cool v. Reed*, 710 S.W.2d at 246. Specifically, Section 473.083.6 mandates that the petitioner in a will contest "proceed diligently to secure and complete service of process as provided by law on all parties defendant." Should such service not be accomplished within ninety days after the petition is filed, then the action is subject to dismissal by the trial court un-

less good cause is shown for such failure. *Langham v. Mann*, 801 S.W.2d 394, 396 (Mo.App.1990). The right to contest a will did not exist at common law; it is a creature of statute and, as such, can only be exercised in strict compliance with the requirements of the statute. *Kreisel v. Wischmeier*, 813 S.W.2d 346, 348 (Mo.App. 1991). Despite these oft-cited principles, Missouri case law also provides for a relaxation of the rule, relying on the reasonable interpretation of the language of the statute. *Donnan v. Donnan*, 264 S.W.2d 318 (Mo.1954); *Shaffer v. Cochenour*, 569 S.W.2d 320 (Mo.App.1978).

Dean Kramer was a legatee under the will being contested and as such was a necessary party to the proceeding because his interest would be adversely affected if the will contest was successful. *Langham*, 801 S.W.2d at 396. Rather than be listed as a party defendant in the suit, Mr. Kramer joined as a party plaintiff asking that the instrument dated July 28, 1990, be determined not to be the last will and testament of John Cogswell, deceased. Because he did not have an interest which would benefit from the will contest, Mr. Kramer did not meet the criteria for a party plaintiff. *State ex rel. Cooper v. Cloyd*, 461 S.W.2d 833 (Mo.1971). The motion of First Christian Church to dismiss him as a plaintiff was sustained. This occurred beyond the ninety-day period for serving parties defendant, so at that point it was not permissible for Ruthmary Anderson and John Allen Cogswell to add Mr. Kramer as a defendant. The issue before the court is whether, as a matter of law, the trial court lacked subject matter jurisdiction due to the failure to name Dean Kramer as a party defendant and serve him with summons, when Mr. Kramer had entered his appearance as a party plaintiff and was later dismissed as such.

Of particular applicability, the *Shaffer* case concerns a voluntary dismissal by Barbara Clowser of herself as a party plaintiff from an action challenging the will of her father. *Shaffer*, 569 S.W.2d at 322. Bar-

---

**2.** All statutory citations are to Revised Missouri Statutes 1986, unless otherwise stated.

bara Clowser was both an heir at law and a legatee under the contested will; as a legatee she was a necessary party to the suit. *Id.* She did not become a party defendant to the suit until March 11, 1977, when she filed a voluntary entry of appearance. *Id.* In the interim, the defendants moved to dismiss, arguing that the trial court was without jurisdiction because Barbara Clowser had not been joined as a necessary defendant within the prescribed statutory period. *Id.* The trial court dismissed the action but the appellate court reversed, predicating its decision on the purpose behind Section 473.083. The court stated:

> The purpose of § 473.083 is to join all interested parties in the will contest suit. *Crawford v. Bashor,* supra [564 S.W.2d 323 (Mo.App.1978) ]. In our application of the statute we are to give effect to that purpose. *Laswell v. Industrial Com'n of Missouri, Etc.,* 534 S.W.2d 613 (Mo.App.1976). We are also to interpret the language of statutes reasonably. *Hill v. Missouri Dept. of Public Health & Welfare,* 520 S.W.2d 182 (Mo.App. 1975). The purpose of § 473.087 is fully met here inasmuch as Barbara Clowser was a party plaintiff to the proceedings and had full notice of them. In construing the rule requiring all beneficiaries to a will contest to be made parties to the proceedings, our Supreme Court said in *Donnan v. Donnan,* 264 S.W.2d 318, 328 (Mo.1954):
>
> > "We do not construe the ... rule ... as applicable to every judgment setting aside a will, or as invariably requiring the joinder of a named beneficiary in a contest resulting in such a judgment. The purpose of that rule is to afford the beneficiary an opportunity to appear for the purpose of protecting his or her interest under the will and of supporting and defending the writing upon which his or her interest depends, and to have all necessary parties bound by the judgment." (original emphasis)

*Id.* at 323. The purpose of the rule has been fulfilled in the instant case. Mr. Kramer was a plaintiff in the action although later dismissed because he was not an interested party. Because of this in-

volvement, he unquestionably had notice of the proceedings and by judicially admitting the allegations of the petition was precluded from defending the writing.

Ms. Wittmeyer and the other respondents argue that *Shaffer* is distinguishable because Mr. Kramer was not a proper party plaintiff as was Barbara Clowser in *Shaffer.* Such an argument ignores the significance of *Shaffer* and also of *Donnan.* Both cases focus on one purpose of the statutory provision, i.e., notice. Mr. Kramer had notice from the outset and remained in the case until his dismissal, the same day that the motion to dismiss was filed.

These and other cases considering this issue do not specifically address the second purpose of the rule, that all necessary parties be bound by the judgment. The binding effect resulting from having had the party before the court in some capacity appears to be assumed, rather than that portion of the test being abrogated. In *Romann v. Bueckmann,* 686 S.W.2d 25 (Mo.App.1984), the court dismissed one count in a four count petition. Named in the dismissed count was a necessary party, Bernard J. LaRose, who was not named as a defendant in any of the remaining three counts. The trial court dismissed because of the failure to timely join Bernard J. LaRose as a defendant. The court found any violation of § 473.083 was "of little consequence." *Id.* at 27. Noting that "[t]he purpose in making all persons mentioned in the will necessary parties is to guarantee all interests are before the count [sic] at one time." *Id.* The court held that the trial court had jurisdiction because Mr. LaRose had actual notice of and had participated in the proceedings. *Id.*

In *Dietzler v. Lynch,* 791 S.W.2d 444 (Mo.App.1990), dismissal of the will contest proceeding was reversed as well. The naming of the trustee in the petition and service of summons upon a trustee solely in her individual capacity, and not in her capacity as trustee, was not a fatal defect depriving the court of jurisdiction even though the trust was a necessary party. *Id.* at 446. The court found that if the

**784**

dismissal had been sustained for technical defects in the caption and summons, it would have been an injustice when the trustee was aware and had notice of the import of the present action upon the trust. *Id.*

The binding effect is assumed rather than abrogated, because of the peculiar nature of a will contest. It is a proceeding *in rem.* The court in *Miller v. Munzer,* 251 S.W.2d 966, 971 (Mo.App.1952), explains:

> A will contest is an in rem proceeding, *Campbell v. St. Louis Union Trust Co.,* 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316; *Bradford v. Blossom,* 207 Mo. 177, 105 S.W. 289, which operates on the res—the will. Once instituted it cannot be dismissed, but must proceed to an adjudication. *Campbell v. St. Louis Union Trust Co., supra.* The adjudication either establishes or destroys the will, and that adjudication is final. Section 468.-590 RSMo 1949, V.A.M.S. When a contestant, proceeding under § 468.580 sets the machinery of the law in motion, he must allege every ground of impeachment available to him in the exercise of ordinary diligence, for a judgment sustaining a will is res adjudicata [sic] on every ground which was, or *could have been,* litigated in that proceeding.... Therefore, a judgment sustaining or setting aside the will in a contest on the ground alleged in the original petition would be res adjudicata [sic] in a subsequent contest on the ground alleged in the amended petition, and vice versa. (original emphasis)

Because of its *in rem* identity, the parties to a will contest are of minor importance, as the purpose of such a proceeding is "to determine whether there is a will or not ... [the court] having regularly acquired jurisdiction ... will, regardless of the parties ... review the record and render judgment thereon...." *Clair v. Whittaker,* 557 S.W.2d 236, 238 (Mo. banc 1977)

(quoting *Braeuel v. Reuther,* 270 Mo. 603, 606, 193 S.W. 283, 284 (1917)). Even should all the contestants who brought the action abandon it and introduce no evidence, the burden of proving a will devolves upon those who maintain the validity of that will. *Braeuel,* 193 S.W. at 284. No change was made in this rule with the change in the wording of the abatement statute. *Davis v. Davis,* 252 S.W.2d 521 (Mo.1952). The *Davis* court saw "no substantial difference" in the older statute and its successor. The proposition set forth in *Braeuel* is still true today. "[O]nce jurisdiction is properly invoked subsequent events do not divest the court of jurisdiction." *Stockstrom v. Jacoby,* 775 S.W.2d 300, 302 (Mo.App.1989).

■ The trial court had all the necessary parties before it to decide the matter because when "a party takes any action which recognizes that the cause is in court and assumes an attitude that the jurisdiction of the court has been acquired, he is bound thereby and the action amounts to a general appearance." *State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377, 384 (Mo. banc 1979). The purpose of the statute was served by Dean Kramer's appearance, although improperly as a party plaintiff, as he subjected himself to the jurisdiction of the court and had the opportunity to protect his interest in the will. His subsequent dismissal as a party plaintiff does not deprive the court of subject matter jurisdiction.[3]

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

All concur.

---

**3.** Rather than dismissing Dean Kramer from the case when found to be an improper party plaintiff, the preferred action would be to order that he be realigned as a party defendant. See Rule 52.06. It is noted that such a request, per a motion to realign Dean Kramer as a procedural defendant, was filed, but subsequently to the trial court sustaining the uncontested motion to dismiss Mr. Kramer as a party plaintiff.