John S. **KLOTZ** and **Southern Illinois Prosthetic and Orthotic, Ltd., an Illinois Corporation, Plaintiffs/Appellants,**

v.

Lambert J. **POTT, Prosthetic and Orthotic Service, Inc., a Missouri Corporation, and SSM Health Care, a Missouri Corporation, Defendants/Respondents.**

No. 64196.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 28, 1993.

---

Michael H. James, Chesterfield, for plaintiffs, appellants.

Edward M. Roth, Anthony S. Bruning, St. Louis, for defendants, respondents.

REINHARD, Judge.

Plaintiffs, John S. Klotz (Klotz) and Southern Illinois Prosthetic and Orthotic, Ltd. (SIPO), appeal the order of the trial court dismissing their petition. Defendants are Lambert J. Pott (Pott), Prosthetic and Orthotic Service, Inc. (POSI), and SSM Health Care (SSM). We affirm in part, and reverse in part.

Klotz and Pott were in business together, Pott making artificial limbs (prosthetics) and Klotz making limb braces (orthotics), until January 1987, when they elected to end their business relationship. Prior to their separation, Pott and Klotz each owned a one-half interest in two separate corporations: St. Louis Prosthetic Orthotic, Ltd. (SLPO) and SIPO.

Klotz and Pott memorialized their separation in an agreement which provided that, following January 1, 1987, Pott would solely own SLPO and Klotz would solely own SIPO. In December 1988, Pott sold all of SLPO's assets to POSI, a corporation which is part of the SSM Healthcare System. SLPO was liquidated and Pott went to work for POSI.

On February 22, 1989, plaintiffs filed a petition for injunctive relief (Petition I) against Pott, POSI and SLPO. On August 15, 1989, plaintiffs voluntarily dismissed their petition without prejudice, pursuant to Rule 67.01.

That same day, August 15, plaintiffs filed a petition for damages against Pott, SLPO and POSI (Petition II). On February 26, 1993, plaintiffs voluntarily dismissed Petition II. Plaintiffs also filed a new petition for damages against Pott, POSI and SSM (Petition III).[1]

On March 30, 1993, defendants filed a motion to dismiss Petition III, contending that plaintiffs had twice dismissed a civil suit based upon the same claim (and were thereby barred by Rule 67.03), and that plaintiffs had failed to state a claim. On May 20, 1993, the trial court entered an order dismissing the petition as to all defendants. On June 8, 1993, the trial court entered a further order clarifying its previous order by stating the reasons for its decision.

A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence. Rule 67.01. A party who has once so dismissed a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only: (1) upon filing a stipulation to that effect signed by the opposite party; or (2) on order of the court made on motion in which the ground for said dismissal shall be set forth. *Id.*

> A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any voluntary dismissal other than one which the party is entitled to take without prejudice ... shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

Rule 67.03

Plaintiffs contend the trial court erred in dismissing Petition III in that the trial court found that plaintiffs had twice dismissed the same claims against defendants Pott and POSI. Plaintiffs concede Petition II and Pe-

---

1. Petition III was composed of four counts: breach of contract against Pott; tortious interference with a contract or business relationship against POSI and SSM; civil conspiracy to tor-

tiously interfere with a contract or business relationship against Pott, POSI, and SSM; and unfair competition against POSI and SSM.

tition III constitute the assertion of the same causes of action or claims against the same parties. Plaintiffs argue, however, that Petition I and Petition II raised different claims and, therefore, the voluntary dismissal of each did not preclude the filing of Petition III. In their brief, they argue:

> [T]he pleadings filed in each case ... demonstrate: (1) the elements necessary to state a claim were different in each case; (2) there was a different jurisdictional basis for each claim in each case; (3) the claims asserted in each of the cases could be separately tried; (4) the nature of the relief sought in each case was different; (5) the remedies available under each claim were mutually exclusive; and (6) the claims asserted in each case could be appealed separately.

We find that Petition I and Petition II brought the same causes of action against the same defendants. *See Barkley v. Carter County State Bank,* 791 S.W.2d 906 (Mo.App. 1990). This action was, therefore, properly dismissed with respect to Pott and POSI.

In their second point on appeal, plaintiffs assert the trial court erred in dismissing Petition III as to SSM in that "the trial court misapplied the doctrine of collateral estoppel in finding that the dismissal of [plaintiffs'] petition barred any claim against SSM." In their brief, defendants concede that Rule 67.-03's bar extends only to claims against Pott and POSI and not to the claims brought against SSM. The rule, by its express terms, only precludes "the assertion of the same cause of action or claim against the *same* party." (Emphasis added). In its order, the trial court stated "[t]he petition against [SSM] contains the same facts and claims alleged against Pott and [POSI]. Since the dismissal against those defendants is with prejudice, plaintiffs' [sic] are collaterally estopped from bringing these same claim's [sic] against [SSM]."

Although plaintiffs' claims against Pott and POSI are barred by Rule 67.03, there has been no adjudication on the merits as to those claims. Therefore, collateral estoppel does not apply to the claims against SSM. *See Brickner v. Normandy Osteopathic Hosp.,* 746 S.W.2d 108, 116 (Mo.App.1988).

Further, as SSM was not a defendant in the first two actions, it is not entitled to the benefit of plaintiffs having twice dismissed their claim against the other defendants.

Defendants contend, however, that although the trial court erred in granting the motion to dismiss the action against SSM, it "reached the right result, albeit for the wrong reason." They urge us to follow the general rule that dismissal of an action by the trial court must be sustained if there is any ground supporting the motion to dismiss, regardless of whether such ground was relied on by the trial court. *See Anderson v. Wittmeyer,* 834 S.W.2d 780 (Mo.App.W.D.1992). They contend we should affirm the trial court's ruling against SSM because "[plaintiffs] have failed to state a claim for relief against SSM." When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we must interpret the pleading broadly, treating all facts alleged as true and construing all allegations favorably to plaintiffs. *Lowrey v. Horvath,* 689 S.W.2d 625, 626 (Mo. banc 1985).

The trial court has not ruled upon the sufficiency of the petition to state a cause of action as to the counts of (a) tortious interference with a contract or business relationship; (b) civil conspiracy to tortiously interfere with a contract; or (c) unfair competition. We have examined the petition and cannot say as a matter of law that plaintiffs have not or cannot plead a cause of action on these counts.

Judgment affirmed in part and reversed in part.

CRANDALL, P.J., and CRIST, J., concur.